**RAINS–TALLEY FUNERAL HOME v.
ADAMS et al.**

No. 6502.

Court of Civil Appeals of Texas. Texarkana.
June 22, 1950.

Rehearing Denied July 20, 1950.

Kenley, Sharp & Shepperd, Longview, for appellant.

Mat Davis, Gilmer, for appellees.

LINCOLN, Justice.

This is an appeal from an order overruling appellant's plea of privilege. It is alleged, and there is proof supporting the allegations, that R. L. Harrell, one of the defendants, negligently drove his automobile into the automobile in which appellees were riding, thereby proximately causing injuries and damages to appellees, for which they bring this suit. The collision occurred in Upshur County, as alleged. Harrell did not file a plea of privilege. Appellant, a corporation, resident and domiciled in Harrison County, was made a defendant upon allegations hereafter appearing, and in due time filed its plea of privilege. Appellees expressly claim venue in Upshur County under the provisions of Subds. 9, 23 and 29a of Article 1995, R.S. of Texas, Vernon's Ann.Civ.St. art. 1995, subds. 9, 23, 29a.

Venue in Upshur County cannot be sustained under Subd. 4 of Art. 1995, R. S., because, for one reason, the evidence does not show that defendant Harrell resides in that county. Appellees admit the evidence is absent any such showing. A necessary venue fact to be shown under Subd. 4 is that one of the defendants is a resident of the county of suit. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; Compton v. Elliott, 126 Tex. 232, 88 S.W. 2d 91; Hammond v. Houston Elec. Co., Tex.Civ.App., 169 S.W.2d 765.

Appellant presents the point of error that venue cannot be sustained in Upshur County under the provisions of Subd. 9 of Art. 1995, R.S., because as to the appellant no crime, offense or trespass is shown. Subdivision 9 authorizes a suit which is based upon a crime, offense or trespass to be brought in the county where committed. The petition alleges that after Harrell had negligently driven his automobile into the automobile in which appellees were riding, appellant's ambulance came to the scene of the collision, driven by its employee, and "that plaintiff Paul G. Adams, Jr., instructed and requested that he and his father be brought to the Ragland Clinic Hospital in Gilmer, Texas, but the agent, servant and employee of the defendant, Rains-Talley Funeral Home, refused to do so and carried both of the plaintiffs to the Gregg Memorial Hospital at Longview, Texas." There is no other allegation of negligence or wrongdoing on the part of appellant. One Charles Venn was riding in the car with appellees at the time of the collision. He did not testify. The evidence does not show whether the ambulance was called, and if so, who called it. The testimony of Adams, Jr., is that his father, Adams, Sr., was first placed in the ambulance; that Adams, Jr., asked Charles Venn where he wanted to go, if he didn't want to go to Gilmer; that Venn replied in the affirmative, stating that it was closer to Gilmer; that Adams, Jr., then told the ambulance driver "to bring us to the Ragland Clinic in Gilmer"; that the driver of the ambulance remarked that it was closer to Longview, and that that is where they went. Adams, Sr., stated that he was conscious when the ambulance arrived, could talk, that he heard the conversation about where to go, referring to the testimony of Adams, Jr., above. Adams, Sr., testified: "My boy asked me where I would rather come and I told him I would rather come here (Gilmer) because it was my home and I was well acquainted with the doctor and my family physician ever since I had been here, and he told the driver to bring him here, and he said it was closer to Longview and the Venn boy said it was closer to Gilmer, but he went right on to Longview."

The foregoing is all the evidence there is on the alleged negligent or wrongful act of appellant in taking appellees to the Longview hospital instead of the Ragland Clinic at Gilmer. Neither the controverting affidavit nor the foregoing testimony is sufficient to show that appellant committed a crime, offense or trespass in Upshur County, so as to bring this case within the purview of Subd. 9 of Art. 1995, R.S., even if it had been sued alone. Venue of the suit against Harrell is sustainable in Upshur County under Subd. 9, and in a joint suit against both defendants it is not required that allegations and proof be made against appellant that it also committed a crime, offense or trespass in the county, if plaintiff has alleged *a joint cause of action* against both defendants. Stockyards National Bank v. Maples, supra. But appellees' petition does not allege a joint cause of action, nor a cause of action against appellant arising out of the same transaction as that against Harrell. In subsequent portions of this opinion we show that appellant is neither a proper nor a necessary party to the suit against Harrell. This point of error is sustained.

■ Appellant urges that the action of the trial court in overruling the plea of privilege cannot be sustained under the provisions of Subd. 29a, Art. 1995, R.S. We sustain that point of error. Subd. 29a reads as follows: "Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

It has been held in many Texas cases that venue in the county of suit cannot be given under the provisions of Subd. 29a alone. Venue must lie in the county of suit under some exception named in Art. 1995, R.S., other than Subd. 4. Stockyards National Bank v. Maples, supra; Tarrant et al. v. Walker, C.J., 140 Tex. 249, 166 S.W.2d 900; Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774, 776.

Appellant contends that it was not a necessary party to the suit against Harrell, whose negligence alone was the cause of the collision and resultant injuries. The action alleged against appellant is that it negligently carried appellees to the hospital at Longview instead of to the clinic at Gilmer, that the distance was greater to Longview, and that appellees' sufferings were extended and increased. Assuming that these allegations constitute a cause of action against appellant, it did not arise, nor is it in any manner connected with the negligence of Harrell in causing the collision. At most it would be a separate, divisible, independent and distinct cause of action from that alleged against Harrell. Justin McCarty, Inc., v. Ash et al., Tex.Civ. App., 18 S.W.2d 765.

■ To bring the case within the purview of Subd. 29a it is necessary for the appellees to establish a cause of action against Harrell in Upshur County such as to give venue in Upshur County, and that appellant is a necessary party to the suit. Neither the allegations nor the proof show that appellant is a necessary party to the suit against Harrell.

In First National Bank in Dallas v. Pierce, 123 Tex. 186, 69 S.W.2d 756, 757, it is said: "It is reasonably clear that the term 'necessary parties' is used in the new exception (29a) in the strict sense of the term, that is to say, as embracing 'only those persons without whose presence before the court no adjudication of any of the subject matter involved in the litigation can be had.' "

In Commonwealth Bank & Trust Co. v. Heid Bros., 122 Tex. 56, 52 S.W.2d 74, 75, a "necessary party" was defined as follows: "A 'necessary party' to a suit, according to the general understanding of that term, is one who is so vitally interested in the subject-matter of the litigation that a valid decree cannot be rendered without his presence as a party." Pioneer Building & Loan Ass'n v. Gray, 132 Tex. 509, 125 S.W.2d 284. There are allegations and some evidence showing that upon arrival at the hospital in Longview the appellees did not

receive proper medical or surgical attention, as a result of which their injuries and sufferings were increased. But the evidence affirmatively shows that no agent, employee or official of appellant was present or participated in any manner in such alleged negligence or inattention to the needs of appellees. The most that can be said as far as appellant is concerned is that it violated its duty in taking the appellees to the hospital in Longview instead of to the clinic at Gilmer. That makes a wholly separable, single, individual and independent cause of action, if it is a cause of action, against appellant, and appellant is neither a necessary nor a proper party to the suit against Harrell. It is for this additional reason venue in Upshur County cannot be sustained under Subd. 4, nor under any other subdivision of the venue statute based upon a suit maintainable in that county against Harrell.

■ The question then arises as to whether or not the venue in Upshur County may be sustained against appellant under the terms of Subd. 23, Art. 1995, which is as follows: "Suits against a private corporation * * * may be brought * * * in the county in which the cause of action or part thereof arose."

In view of the fact that there is a misjoinder of parties and of causes of action we must consider appellant's plea as though it were sued alone in a separate and independent action. Appellees insist that there is a permissive joinder under Rule 40, Texas Rules of Civil Procedure. But this rule merely extends the right of joinder of parties or causes of action and is not intended to extend the venue of actions. Southwestern Peanut Growers Ass'n v. Womack, Tex.Civ.App., 179 S.W.2d 371. It does not have any effect on the substantive rights of the parties. Lansburgh & Bro. v. Clark, 75 U.S.App.D.C. 339, 127 F. 2d 331.

■ To hold appellant to answer this suit in Upshur County under Subd. 23, had appellant been sued alone, and we must consider this issue from that viewpoint, it was necessary for appellees as plaintiffs to allege and prove a cause of action against appellant, as a corporation, which cause of action arose in whole or in part in Upshur County. The allegations, although brief, are probably sufficient. But the evidence is not sufficient in this respect. We have already set out above all that appears on this point in the transcript and the statement of facts. There is no proof whatever that the driver of the ambulance and what was referred to as "his attendant," were employees of appellant, or, if so, that on the occasion of this collision they were acting within the scope of their employment. So far as appears, they were not called to the scene of the collision, they were volunteers in rendering service, no bills were ever presented by appellant to appellees for the service rendered, and no compensation was ever paid. As presented by the record here, they were guests of the ambulance driver and his attendant, and if so, there is no liability against appellant under our so-called "guest statute," Art. 6701b, Ver.Tex. Sts., unless there was gross negligence. No facts are alleged nor proved to show gross negligence.

The appellees' petition alleged: "That as a result of the refusal of the agent, servant and employee of the defendant Funeral Home to carry plaintiffs to the Ragland-Clinic Hospital in Gilmer, the plaintiffs were compelled to forego extra and longer suffering from severe and excruciating pain and shock and said agent, servant and employee of said defendant Funeral Home was guilty of gross and active negligence in refusing to carry plaintiffs to the Ragland-Clinic Hospital in Gilmer, Texas."

There is no evidence to support the foregoing allegations. The distance to each of the respective places is not shown, nor is it shown there more time was required to go to Longview than to Gilmer. There is no evidence of increase of pain, nor does it appear that the period of suffering was extended over what appellees would have experienced had they been taken to Gilmer.

Further deficiencies in the evidence might be pointed out, but the foregoing suffices to show that the evidence is wholly insufficient to hold appellant to answer in Upshur

County under Subd. 23. That appellees have a cause of action against appellant which arose in whole or in part in Upshur County is a venue fact under Subd. 23 necessary to be established by proof. We sustain this point of error.

Under authority of Jackson et al. v. Hall, C.J., Tex.Sup., 214 S.W.2d 458, we are not at liberty to transfer this case, nor to order it transferred to Harrison County for trial as against appellant. But the judgment of the District Court is reversed and the cause is remanded for another hearing on the venue facts, with instructions to the District Court to hear and determine the venue issues separate and apart from any question of liability of Harrell to appellees. This action is without prejudice to the right of appellant to a severance if appellant should be required subsequently to stand trial on the merits in Upshur County.

Reversed and remanded.