M. Russ LIGHT, d/b/a American Insurance Agency, Appellant,

v.

TRANSPORT INSURANCE COMPANY et al., Appellees.

No. 16934.

Court of Civil Appeals of Texas.

Dallas.

July 14, 1967.

Rehearing Denied Sept. 29, 1967.

James H. Holmes, III, of Burford, Ry-
burn & Ford, L. W. Anderson, of Harris,

Anderson, Henley, Shields & Rhodes, Dal-
las, for appellant.

Chilton Bryan, Houston, for appellees.

BATEMAN, Justice.

This appeal involves only the question of venue as to certain defendants. The appellant M. Russ Light, a local recording insurance agent doing business in Dallas, Texas, brought this suit in the district court of Dallas County against Transport Insurance Company, a Texas corporation residing in Dallas County, herein called "Transport," and Excess House, a partnership, and its partners, all of whom reside in Harris County, claiming damages for wrongful interference with the insurance business relations existing between appellant and H. S. Anderson Trucking Company. Liability is asserted on two grounds: (1) that the defendants conspired to entice appellant's said customer away from him by offering it insurance protection for a much smaller premium, which they could do only by violating certain orders of the State Board of Insurance and the Insurance Code of Texas, and (2) that such acts of the defendants constituted unfair competition and a combination in restraint of trade in violation of Vernon's Ann.Civ.St., Art. 7426.

The defendants, Excess House and its individual partners, filed a plea of privilege to be sued in Harris County, which was controverted on the grounds that the district court of Dallas County had venue of the entire case under subdivisions 4 and 9 of Art. 1995, V.A.C.S. The court, sitting without a jury, sustained the plea of privilege and in the order found specifically that appellant had failed to prove a cause of action against any of the defendants. We affirm.

■ Subdivision 4 of Art. 1995, V.A. C.S., provides that if two or more defendants reside in different counties the suit may be brought in any county where one of the defendants resides. Under this ex-

ception to the general rule that a defendant is entitled to be sued in the county of his residence, it was incumbent on appellant Light to allege and prove that he had a cause of action against Transport and to allege a joint cause of action against both defendants or causes of action against them so intimately connected that the two should be joined "under the rule intended to avoid a multiplicity of suits". Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (1936); Atlas Roofing Co. v. Hall, 150 Tex. 611, 245 S.W.2d 477 (1952).

Appellant contends, not only that his proof brought the case within subdivision 4, but that it also showed that both defendants jointly conspired to violate the Insurance Code as well as the anti-trust laws of Texas, which illegal acts constituted a "crime, offense or trespass" committed in Dallas County within the purview of subdivision 9, of Art. 1995, V.A.C.S., thus authorizing venue in Dallas County. To bring the case within this exception, it was necessary for appellant to plead and prove that appellees committed a crime, offense or trespass in Dallas County proximately causing, or contributing to cause, the loss to appellant of the business in question. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91 (1935).

Appellant had for several years written the comprehensive general liability and automobile liability insurance of H. S. Anderson Trucking Company, a resident of Jefferson County, Texas, in Bituminous Casualty Company. The limits of liability under the Bituminous policy were $100,000 for each person and $300,000 each accident, as respects bodily injuries, and $25,000 each accident as respects property damage; such limits being hereafter shown for convenience as "$100,000/$300,000/$25,000."

There was much evidence of numerous conferences and correspondence resulting in a new program of insurance for H. S. Anderson Trucking Company. The new plan embodied primary coverage in a policy issued by Transport which had a "combined single limit" of $10,000, supplemented by "excess" insurance of $990,000 written by Lloyd's Underwriters of London, England. The general idea of such a plan apparently originated in conferences between Anderson and certain local insurance agents in Beaumont, Texas. It was first proposed to and rejected by Pan American Insurance Company before Excess House was approached. Mr. Miller, the representative of Excess House who acted for it, then discussed the plan with an official of Transport, who discussed it with Light and endeavored to interest Light in participating in it. Light declined to do so and informed the Transport official that regulations of the State Board of Insurance of Texas prohibited an admitted or licensed company from writing such a policy, involving excess coverage written by foreign, nonadmitted companies, unless the limits of the primary policy were at least $100,000/$300,000/$25,000, provided there was an admitted company willing to write the primary insurance on that basis.

The insurance was nevertheless written on the new plan, and Light filed a complaint with the Board of Insurance. After a hearing the Board ordered Transport to increase its limits to $100,000/$300,000/$25,000, which it did, and the limits of the "excess" policies were correspondingly reduced. Appellant Light says that these facts clearly show a violation by Transport of Sec. 2(c) of Art. 21.38, Insurance Code, V.A.C.S., and Art. 7426, V.A.C.S., as it pertains to insurance.

We shall refrain from discussing or passing on whether the facts proved at the venue hearing established a violation of either of the said statutes by either of the defendants, for to do so might improperly prejudice the rights of the parties on the trial of the merits of the cause. There was testimony, which the trial court had every right to believe, to the effect that H. S. Anderson, president and owner of H. S. Anderson Trucking Company, had become

**226**

dissatisfied with the service Light was providing and felt that he would be better served if he had an insurance agent in the Beaumont-Port Arthur area, with whom he could consult at more frequent intervals concerning his coverage and the handling of his losses. He even asked the Bituminous Company's branch manager if the company could write his business through an agent other than Light and was informed that this could not be done. He also complained that the Bituminous Company had not given him full, proper or sufficient safety engineering service. Moreover, he did not like the fact that it had changed the original plan of handling claims. Also, Anderson wanted certain additional insurance protection which Bituminous could not or would not provide.

This evidence was sufficient to support the order sustaining the plea of privilege. The rule governing our disposition of this appeal is thus stated in Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97, 99 (1953):

"If * * * there exists in the record evidence of sufficient probative force to support the judgment of the trial court, then the judgment should not be disturbed on appeal."

In testing the probative force of the evidence, we are constrained to discard all adverse evidence and give credit to all evidence supporting the order, indulging every legitimate inference and conclusion in support thereof. Banks v. Collins, supra; Winiger v. Ft. Worth & D. C. Ry. Co., 105 Tex. 56, 143 S.W. 1150 (1912). The trial court may have concluded that Light lost Anderson's business, not because of any acts of the defendants, legal or illegal, but because of Anderson's dissatisfaction with the service he had been receiving from Light and Bituminous, and the inconvenience of dealing with an agent several hundred miles away, or because

Light and Bituminous failed to afford him all the insurance protection he felt his trucking company should have. The evidence was amply sufficient to support such a conclusion, wholly without regard to the question of whether the defendants acted illegally; in fact, without regard to anything done by the defendants. Therefore, the order appealed from is

Affirmed.