Linda NEUHAUS et al., Appellants,

v.

J. C. DANIELS et al., Appellees.

No. 7856.

Court of Civil Appeals of Texas. Amarillo.

June 17, 1968.

Rehearing Denied Aug. 26, 1968.

Splawn & Maner, Lubbock, for appellants; J. H. Scheutzeberg, Lubbock, of counsel.

Tom Snow, Pampa, for appellees; Gibson, Ochsner, Harlan, Kinney & Morris, J. Hadley Edgar, Jr., Amarillo, of counsel.

CHAPMAN, Justice.

This is a venue case.

Numerous parties were sued by plaintiffs but non-suit was taken as to all except J. C. Daniels, Cecile Corporation and appellee, Arkansas-Louisiana Gas Co.[1] The

1. Arkansas-Louisiana Gas Co. will be hereafter referred to as Arkla for brevity.

record shows J. C. Daniels is the registered agent for Cecile Corporation.

Original plaintiffs are Linda Neuhaus, individually and as next friend of Glen Paul Neuhaus, later joined by the other plaintiffs who were either parties injured in the explosion made the basis of the suits or survivors of those fatally injured.

Arkla duly filed its plea of privilege to be sued in its Texas domiciliary county, Harris. Plaintiffs controverted, alleging Exception 9a of Art. 1995, Vernon's Ann. Texas Revised Civil Statutes. A hearing before the court resulted in the granting of the plea of privilege.

In an effort to put together a gas gathering system, Daniels entered into a letter agreement dated December 6, 1963, with Arkla whereby he contracted to purchase and took possession of the latter's gas system, including the compression stations of Twitty, Kellerville and Pitsch. The accident occurred at the latter.

In order to deliver to his purchaser it was necessary for Daniels to reverse the flow of gas from east to west. Such procedure had been completed at Twitty without incident.

The accident resulting in the injuries occurred in the immediate vicinity of a concrete pit located several feet from a scrubber tank when a welding torch was lighted in the process of working on the Pitsch Compression Station to effect the reverse flow of gas.

Though plaintiffs pleaded several theories against Arkla, they have proceeded in their brief on liability against it because of ownership, and numerous assertions of failure to warn.

■ This being a 9a case as alleged by plaintiffs, the duty was upon them, so far as Arkla was concerned, to prove by a preponderance of the evidence the three requirements thereunder.

Arkla was not occupying the premises at the time of the explosion and resulting injuries. Daniels was not an independent contractor on the premises to do some work for Arkla. If he had been it would have owed a duty to the employees of the independent contractor to protect them from hidden dangers. Delhi-Taylor Oil Corp. v. Henry, 416 S.W.2d 390 (Tex.1967).

■ Arkla was the vendor and Daniels the vendee in possession. There is probative evidence that the gas which precipitated the explosion belonged to Daniels; that the dangerous condition did not arise until Daniels took possession of the premises; that the dangerous condition giving rise to the explosion was the presence of Daniels' gas in the pit and such gas was released by his foreman, Immel, from a bleeder valve immediately before the explosion and resulting injuries. Restatement of the Law, Torts 2d, Sec. 351 states:

"A vendor of land is not subject to liability for physical harm caused to his vendee or others while upon the land by any dangerous condition, whether natural or artificial, which comes into existence after the vendee has taken possession."

It was understood by letter agreement that Arkla made no representation to Daniels as to fitness of the Pitsch Compression Station, including the scrubber tank and pipelines; that Daniels represented to it he had inspected the properties; and agreed and in fact did accept possession of them in their present condition.

From December 6, 1963, to April 10, 1964, Arkla continued to serve eight rural customers and the presence of the gas for that purpose was known to both Daniels and his foreman. On the latter date, Daniels, trustee, started transporting his own gas through the pipelines in question in intrastate commerce. Arkla is a natural gas company within the meaning of the Natural Gas Act and operates pursuant to certificates of public convenience and necessity from the Federal Power Commission,

which authorized its abandonment of Pitsch on December 2, 1963, all of which was known to Daniels.

Concerning the explosion itself, there is probative evidence that the source was natural gas from a bleeder valve activated by Immel, who bled the line before the welders started their work in the pit; Daniels' gas bled from the line settled in the concrete pit due to atmospheric conditions; as a result of the explosion the protection earlier inserted in the flange near the scrubber tank was jarred loose, causing the gas in such tank to ignite; there would have been no ignition within such tank but for the initial fire and explosion; and absent the fire and explosion in the pit the welding operation would have been completed in a normal, routine, uneventful manner.

■ There are certain established rules by which this court is bound in considering this type venue case.

"If the evidence is conflicting and there exists in the record evidence of sufficient probative force to support the judgment of the trial court, then the judgment should not be disturbed on appeal." Banks v. Collins, 152 Tex. 265, 257 S.W. 2d 97 (1953)

■ In Brown v. Frontier Theatres, Inc., 369 S.W.2d 299, 301 (Tex.1963), the Supreme Court held:

"In determining whether the trial court's findings are supported by any evidence of probative value, we will give credence only to the evidence favorable to the findings and will disregard all evidence to the contrary."

■ In Light v. Transport Ins. Co., 419 S.W.2d 223–226 (Tex.Civ.App.-Dallas, 1967, n. w. h.) that court said:

"In testing the probative force of the evidence, we are constrained to discard all adverse evidence and give credit to all evidence supporting the order, indulging every legitimate inference and conclusion in support thereof. Banks v. Collins, supra."

■ It is also established law that negligence is never presumed and that the mere happening of an accident is no evidence of negligence. Wells v. Tex. Pac. Coal & Oil Co., 140 Tex. 2, 164 S.W.2d 660 (1942).

■ Venue must be established by affirmative evidence and not by implication. Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825 (1950); Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610 (1948).

■ A person's right to be sued in the county of his residence is a valuable right and should never be denied except upon clear and convincing proof that the alleged cause of action comes within an exception to Art. 1995. City of Mineral Wells v. McDonald, 141 Tex. 113, 170 S.W.2d 466 (1943); National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021 (1943); Gunstream v. Oil Well Remedial Service, 233 S.W.2d 897 (Tex.Civ.App.-Dallas, 1950, n. w. h.).

Though involving a landlord-tenant situation where the latter employed a workman who was injured, as distinguished from the factual situation in the instant case, Katz v. Southwestern Scrap Materials Co., 412 S.W.2d 685 (Tex.Civ.App.-Dallas, 1967) has some analogy to the instant case. There the tenant employed a workman to repair lights in a building and the workman was injured by a fall caused by an eye bolt his ladder was leaning against giving away and sued both the landlord and tenant. The court absolved the landlord saying:

"Fitzhugh (the landlord) was not in possession or control of the premises; was under no duty to repair or maintain them; was under no duty to inspect them; and appellant was not Fitzhugh's invitee." (Parenthetical statement ours)

■ Even if it could be said, arguendo, that Daniels was Arkla's invitee, the

latter owed no duty to him to warn of dangerous conditions which were as well known to him as to Arkla. McKee v. Patterson, 153 Tex. 517, 271 S.W.2d 391 (1954); Hall v. Medical Bldg. of Houston, 151 Tex. 425, 251 S.W.2d 497 (1952). The trial court found as a fact upon probative evidence that both Daniels and Immel either knew or had reason to know of the condition of the scrubber tank and the pipelines, and that the presence of natural gas therein prior to the commencement of the welding and prior to the welding torch being lighted was equally well known to Immel and Daniels as to Arkla. In any event, from the trial court's findings, supported by some probative evidence, Arkla breached no duty.

By their 5th point appellants urge error in sustaining the plea of privilege "* * * for the reason that negligence was shown against Daniels, co-defendant in Wheeler County, Texas and appellee is a necessary party within the meaning of Art. 1995, § 29(a) V.A.C.S." We do not believe the point is well taken. Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900 (Tex. 1942); First National Bank in Dallas v. Pierce, 69 S.W.2d 756 (Tex.1934); Rains-Talley Funeral Home v. Adams, 231 S.W. 2d 999. We believe the applicable rule is well stated in Personal Injury Litigation in Texas (1961) § 2.41, P. 102 as follows:

> "If venue is maintainable as to one defendant on some basis other than residence then subdivision 29a might seem to be available to hold the others, but *our courts have uniformly held that in personal injury actions, where liability is joint and several, any one of the potentially liable joint tort feasors is not a necessary party defendant and his plea of privilege will be sustained.* Thus 29a simply will not be a basis for holding one joint tort feasor simply because venue is proper as to another on some other basis." (Emphasis added).

Accordingly, the judgment of the trial court is affirmed.