William E. VICK et al., Appellants,

v.

Don PIERSON, Appellees.

No. 17207.

Court of Civil Appeals of Texas,
Fort Worth.

Feb. 5, 1971.

---

Schenk & Wesbrooks, and Milton E. Douglass, Jr., Wichita Falls, for appellants.

McMahon, Smart, Sprain, Wilson & Camp, and Stephen H. Suttle, Abilene, for appellees.

OPINION

BREWSTER, Justice.

This is an appeal by William E. Vick, the plaintiff in the court below, from an order sustaining the plea of privilege filed in the case by the defendant, Don Pierson.

The plaintiff, Vick, brought this suit in Archer County, Texas. He sued F. L. Livingston, Don Pierson, Megargel Drilling Company (a corporation), Murphy Brothers, Inc. (a corporation), and others whom it is not necessary to name here. He alleged that Livingston was a resident of Archer County and that the two corporations had their principal places of business in Archer County. Plaintiff admitted in his pleading that Pierson was a resident of Eastland County.

The plaintiff's petition alleged, in substance, that the defendants Livingston and Pierson were, along with the others, partners in the partnership firm of World Wide Investments; that the partnership was engaged in conducting a radio broadcasting station off the coast of England; that on or about January 31, 1966, the plaintiff entered into a written contract of employment with the defendants by the terms of which he agreed for a two (2) year term to serve as manager for the European operations of defendants' offshore radio station, and by the terms of which contract the defendants agreed to pay plaintiff for

his services an annual salary of $24,000.00, to be paid pro rata on a monthly basis plus an amount equal to 2¾% of the gross proceeds of the business, plus a reimbursement to him of all venture-related expenses, including transportation for him and his family back and forth from Europe. Plaintiff further alleged that he performed under the contract and served as the manager of the partnership's business until March 1, 1967, at which time he was discharged, and that during the entire time defendants only paid him the sum of $7,000.00, leaving them owing him $41,000.00 in salary, plus $129,601.45 in venture-related expenses incurred by him that defendants had agreed to pay, plus his percentage of the gross proceeds of the business.

Plaintiff prayed for a recovery of damages from the defendants for the breach of said employment contract. The petition made other allegations that are not material here.

The defendant, Pierson, filed a plea of privilege in which he denied under oath that he was or is a partner with Livingston and the other persons named in plaintiff's pleading.

The plaintiff filed a controverting affidavit contending among other things that the suit was properly maintainable against Pierson in Archer County under Subdivisions 4 and 23 of Art. 1995, Vernon's Ann. Tex.Civ.St. During the argument of this case on this appeal plaintiff, through counsel, advised this Court that he had abandoned his contentions relative to Subdivisions 27 and 29a of that statute.

At the conclusion of the non-jury venue hearing the trial judge sustained Pierson's plea of privilege and ordered the case as to him severed, and transferred to Eastland County. This appeal is by the plaintiff, Vick, from that decision.

No findings of fact or conclusions of law were filed in the case and none were requested of the trial judge. The record does not otherwise show the reasons for the trial court's ruling.

In his Point No. 1, appellant contends that reversible error was committed at the venue hearing when the court sustained Pierson's objections to plaintiff's Exhibit 15 and excluded it.

We overrule the point.

■ The exhibit purports to be a letter agreement dated January 20, 1967 from defendant, F. L. (Red) Livingston, to defendant, Don Pierson, in which Livingston agrees to provide operating capital for World Wide Investments in exchange for granting to him the complete right to control and·manage the business until his advances are repaid, plus other considerations. It is not the contract that is sued upon.

At the hearing the plaintiff, Vick, testified that he could not testify that the signature on the instrument was the signature of defendant, Livingston. No direct evidence was offered from any other witness on that issue. At the end of the letter there were two lines for signatures. One of them had "F. L. (Red) Livingston" typed under it. The other had typed over it "Accepted:". Then a line was drawn and under it was typed the name "Don Pierson". No direct evidence was offered at the hearing that Don Pierson had signed the letter or agreement.

So it is apparent that a proper predicate for the admission of Pl.Ex. 15 was not established by direct evidence.

In this connection, appellant contends that the authentication of a written instrument can be established by circumstantial evidence and that this was done as to Pl. Ex. 15 at the venue hearing.

The law is that the execution or authentication of a written instrument can be proved by circumstances. Denby Motor Truck Co. v. Mears, 229 S.W. 994 (Amarillo Tex.Civ.App., 1921, writ dism.).

The appellant's contention in this connection is that the particular circumstance that he proved that was sufficient to prove execution is the fact that Pl.Ex. 15 discloses knowledge that *only* the purported signers would be likely to have. One of the cases he relies on for this proposition is Chaplin v. Sullivan, 67 Cal.App.2d 728, 155 P.2d 368 (Dist.Ct. of Appeal, Third Dist., Calif., 1945).

In our opinion such holding is not applicable to the instrument in question here because it does not disclose knowledge of facts that only the signers would have. In fact it only recites one fact, that being that World Wide Investments had an overdraft of about $34,000.00 at an Abilene Bank, but the evidence in the case does not otherwise tend to prove that this was a true fact. The rest of the instrument is devoted to reciting things that each party agreed to do.

The court in the Chaplin case, supra, that is relied on by appellant, held that in a non-jury trial whether or not the letters in question there were actually written and signed by the person sought to be charged with writing them was a question of fact for the trial court, and that in instances where there was sufficient evidence to support the trial court's ruling that his conclusion is binding on the appellate court. The same holding is made by the court in Verdugo Highlands, Inc. v. Security Ins. Co. of New Haven, 240 Cal.App.2d 527, 49 Cal.Rptr. 736 (Dist.Ct. of Appeal, Second Dist., Calif., 1966).

This case was a trial before the court without a jury. All fact issues in such a trial are determined by the trial judge. In this particular instance he determined that appellant had not proved authenticity of Pl. Ex. 15 and we find that the evidence here was in such a state that the trial court would be justified in reaching such a conclusion. Under the ruling of the Chaplin case, supra, the trial court's conclusion is binding on this appellate court.

In addition to what has been said, we hold that even if the trial court did err in excluding Pl.Ex. 15 that the case should not be reversed for that reason. See Rule 434, Texas Rules of Civil Procedure. We believe such error would be harmless.

In his brief, appellant says he was relying on Pl.Ex. 15 to establish that defendant, Livingston, formally assumed the obligation of World Wide Investments and to further show that Livingston had absolute control of the enterprise at the time Vick was wrongfully fired by Murphy.

The cause of action that Vick was required to prove at the venue hearing was the cause of action he pleaded against Livingston and sued him on in his petition. Livingston was not sued on the theory that he had assumed the obligations of World Wide Investments, but on the theory that he was a member of that partnership and therefore was liable as a partner to Vick for the damages resulting to him for the breach of the employment contract by the partnership. Whether or not Livingston assumed the obligations of World Wide Investments is actually immaterial in so far as the cause of action he was sued upon is concerned.

Under this point appellant also urges that Pl.Ex. 15 establishes a separate cause of action against F. L. Livingston in that it constitutes a contract under which a claim may be asserted by appellant as a third party beneficiary and that for this reason also its exclusion constituted harmful error.

As stated, the cause of action Vick was required to prove at the venue hearing against the resident defendant, Livingston, was the cause of action that Vick's petition alleged against him. Lone Star Gas Company v. Martin Linen Supply Co., 301 S.W. 2d 243 (Eastland Tex.Civ.App., 1957, no writ hist.). The contention urged by appellant is therefore wholly immaterial because his petition did not purport to allege a case against Vick on the theory that Vick was the third party beneficiary of a contract with Livingston that the latter had breached. Whether the excluded exhibit would have some relevancy to a cause

of action that was not pleaded and therefore is not involved here is wholly immaterial to the questions before the court.

By his second point appellant, Vick, urges that he proved conclusively at the venue hearing that he was entitled to maintain venue of the case against Pierson in Archer County under Sub. 4 of Art. 1995, V.A.T.S., and that the court therefore erred in sustaining Pierson's plea of privilege.

We overrule this point.

On an appeal from an order sustaining a plea of privilege the appellate court must presume, since there are no findings of fact, that all fact issues raised by the pleadings and evidence were found by the trial judge in favor of his judgment. If there was evidence supporting the trial court's implied findings in favor of Pierson on any essential venue fact, then the trial court's finding controls. In reviewing the evidence to determine questions such as this, this appellate court must disregard all evidence bearing on any essential venue fact that was offered at the hearing that is adverse to Pierson, and must give credit to all evidence bearing on such essential venue facts that are favorable to Pierson, whose plea was sustained. See Mobley v. Mobil Oil Co., Sub. or Division of Socony-Mobil O. Co., 431 S.W.2d 942 (Beaumont Tex. Civ.App., 1968, writ dism.), and Neuhaus v. Daniels, 430 S.W.2d 906 (Amarillo Tex. Civ.App., 1968, writ dism.). And if the evidence on any essential or controlling venue fact is conflicting and if there is sufficient evidence of probative force to support the judgment, then the trial court's judgment should not be disturbed on appeal. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (Tex.Sup., 1953).

From what has been said, it follows that for appellant, Vick, to be entitled in this appellate court, under his Point No. 2, to a reversal of the trial court's order sustaining Pierson's plea of privilege, the plaintiff (appellant) must convince this court that he established conclusively at the venue hearing that he was entitled to maintain venue of the case against Pierson in Archer County under Sub. 4 of Art. 1995, V.A.T.S. McGough v. Massey-Ferguson, Inc., 384 S.W.2d 154 (Eastland Tex.Civ. App., 1964, writ dism.). The appellant admits in his brief that he must meet that burden in the appellate court to be successful on appeal.

Appellant, Vick, contends under his second point that he met the burden that was on him and that the evidence he offered at the venue hearing showed conclusively and as a matter of law that he was entitled to maintain the suit as against defendant, Pierson, in Archer County, under Sub. 4 of Art. 1995, V.A.T.S., and that for this reason the trial court erred in sustaining Pierson's plea of privilege.

In order for plaintiff to have sustained venue of this case under Sub. 4 of Art. 1995, V.A.T.S., in Archer County as against the defendant, Pierson, who lived in Eastland County, the following things must have occurred: (1) plaintiff, Vick, must have proved at the venue hearing by affirmative evidence that one of the defendants was a resident of Archer County; (2) plaintiff must both plead and prove a cause of action against that resident defendant; (3) plaintiff's petition in the case must allege a joint cause of action against a resident and a non-resident defendant, or a cause of action against the resident defendant so intimately connected with the case alleged against the non-resident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits. Whether or not this last element is present is determined by looking at the petition itself. The leading case on this is Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (Tex.Com.App., 1936). Many cases have since been decided holding this same way.

As stated, in order to get this case reversed under Point No. 2 on this appeal,

since the trial court is presumed to have decided all fact issues against him, appellant must have offered evidence at the venue hearing that conclusively established as a matter of law *all* of the essential venue facts that he had to prove at the hearing.

To keep venue in Archer County as against Pierson, a non-resident, under Sub. 4, Art. 1995, V.A.T.S., one essential fact appellant Vick must have proved conclusively at the hearing by affirmative evidence was that at least one of Pierson's co-defendants was a resident of Archer County.

■ Although he did allege in his petition that the principal places of business of the corporate defendants, Magargel Drilling Company and Murphy Brothers, Inc., were in Archer County, Texas, the evidence he offered at the venue hearing to prove such allegations was wholly insufficient to even raise a fact issue in that regard.

The only remaining defendant who was alleged to be a resident of Archer County was the defendant, F. L. Livingston. The plaintiff, Vick, was the only witness who attempted to testify as to whether or not Livingston was a resident of Archer County. In fact, Mr. Vick was the only witness at the venue hearing.

The following evidence given by Mr. Vick is the only evidence offered at the venue hearing to establish that Mr. Livingston was a resident of Archer County:

"Q  Mr. Vick, do you know where F. L. Livingston resides?

"A  Yes, sir.

"Q  Have you been to his home?

"A  I have been by his home; not in it. *I had it pointed out to me.*

"Q  Do you know where he lives?

"A  In Megargel, Texas."  (Emphasis ours.)

And again he testified:

"Q  Do you know where Mr. Livingston resided? ·

"A  Yes, sir; in Megargel, Texas.

"Q  At all times material to this action?

"A  Yes, sir; at Megargel, Texas."

This testimony of Mr. Vick was, of course, the testimony of an interested witness in that he is the plaintiff and thus a party to the suit.

As stated, the question of whether or not Livingston was a resident of Archer County was an essential venue fact. It was essential for plaintiff to prove at the venue hearing that Mr. Livingston was a resident of Archer County in order to keep venue of Pierson's part of the case in Archer County under Sub. 4.

We hold that all Mr. Vick's testimony relative to whether or not Livingston was a resident of Archer County did was to create a fact issue on that point for the determination of the trial court.

Many appellate decisions have been decided in Texas on this point holding that the general rule is that evidence given by an interested witness, even though uncontradicted, only presents an issue of fact to be decided by the trier of facts. Flack v. First Nat. Bank of Dalhart, 148 Tex. 495, 226 S.W.2d 628 (Tex.Sup., 1950) is such a case. Many other cases holding the same way are listed in 36 Texas Digest, "Trial," Sec. 140(2).

We realize that there are cases holding that an exception to this general rule exists in instances where the testimony of a party to a suit is clear, direct, undisputed and positive and free from circumstances that tend to cast suspicion on it. When this situation exists in a case, such testi-

mony can then be taken as true as a matter of law. Owen Development Company v. Calvert, 157 Tex. 212, 302 S.W.2d 640 (Tex.Sup., 1957), and B & B Pharmacy & Drug, Inc. v. Lake Air Nat. Bank of Waco, 449 S.W.2d 340 (Waco Tex.Civ.App., 1969, writ dism.). Other cases of this type can be found in the Texas Digest citation referred to in the last paragraph above.

We conclude that Mr. Vick's testimony above set out does not bring this case under the exception to the general rule referred to. An analysis of his testimony leads us to the conclusion that his information or knowledge as to where the residence of defendant, F. L. Livingston, actually was at the time in question was probably dependent on what someone told him as to where Livingston lived when they pointed out to him a certain house in Megargel as being Livingston's residence. Mr. Vick's own testimony thus raises the strong suspicion that what knowledge he has as to Livingston's residence is based on hearsay.

We hold that the entire evidence offered by appellant at the venue hearing to prove the essential venue fact (to-wit: that the residence of Pierson's co-defendant, Livingston, was in Archer County) only raised a fact issue on that question. It did not establish Livingston's residence as being in Archer County as a matter of law, as plaintiff was required to do in order to get a reversal in this court. We must therefore presume, in line with the above cited cases, that the trial court found this essential venue fact against the plaintiff.

For this reason alone we are required to overrule appellant's Point No. 2.

Appellant makes other contentions in his brief relative to his rights under Sub. 4 but in view of what we have just said about the residence question such contentions are immaterial. We will not lengthen this opinion by discussing them because regardless of what conclusions we might reach on such other contentions about Sub. 4, appellant still cannot get a reversal of this case because of them in view of the fact that the evidence he offered as to Livingston's residence (an essential venue fact under Sub. 4) only raised a fact issue as to such residence. The law requires this court to presume on this appeal that the trial court found such fact against appellant.

In connection with appellant's presentment of his third point he contends that the evidence he offered at the venue hearing conclusively established that he was entitled to keep venue of Pierson's part of the case in Archer County under Sub. 23 of Art. 1995, V.A.T.S. That Sub. 23 provides: "Corporations and associations.— Suits against a private corporation, association, * * * may be brought * * in the county in which the cause of action or part thereof arose; * * *."

Appellant's theory in this regard was that since he offered evidence at the hearing that Livingston was a resident of Archer County after the time he assumed control over World Wide Investments, it follows that he must have necessarily directed some of the acts of his representative, Murphy, from that place. He thus says it follows that a part of the cause of action against the association arose in Archer County, Texas. There was no direct evidence in the case at all to the effect that Livingston did anything at all relating to this case while in Archer County, Texas.

We overrule appellant's Point No. 3.

In order to keep venue in Archer County under Sub. 23 of Art. 1995 it was essential that appellant prove that the cause of action sued on or a part thereof arose in Archer County, Texas. Admiral Motor Hotel of Texas, Inc. v. Community Inns of America, Inc., 389 S.W.2d 694 (Tyler Tex.Civ.App., 1965, no writ hist.), and Grayson Enterp. Inc. v. Texas Key

Broadcasters, Inc., 390 S.W.2d 346 (Eastland Tex.Civ.App., 1965, writ dism.).

We hold that the evidence appellant offered was insufficient to prove that the cause of action pleaded or any part thereof arose in Archer County, Texas. Actually no evidence was offered at the hearing to prove that the cause of action sued on or any part thereof arose in Archer County.

Appellant's Point No. 4 apparently presents the proposition that he cannot tell from the record whether or not the trial judge sustained defendants' objections to Pl.Ex. 1, but that if his ruling was to exclude it, such ruling was error. This exhibit was the employment contract sued upon. When the exhibit was first offered the court sustained defendants' objections to it. He thereafter withdrew that ruling and overruled the objections to the document and announced to the parties that he would carry the objections along with the case. At the conclusion of the evidence the court announced that he sustained the plea of privilege and was thereupon questioned as to his ruling on Pl.Ex. 1. The court then announced: "I sustained the Plea of Privilege, period, upon all the testimony." We conclude that the record shows that this exhibit was admitted into evidence and considered in deciding the case and therefore overrule Point No. 4.

By Point No. 5 appellant contends that the great weight and preponderance of the evidence introduced at the venue hearing proved his right to maintain venue in Archer County under Subs. 4 and 23, Art. 1995, V.A.T.S. We have examined the entire statement of facts and disagree with this contention and therefore overrule it.

Although appellant in his petition alleged derivative actions in favor of a Nassau and a Dutch corporation, his evidence offered at the hearing was insufficient to prove such actions.

The judgment is affirmed.