**Roy MORAN, Appellant,**

v.

**FIRST PAVING CORPORATION, Appellee.**

No. 17228.

Court of Civil Appeals of Texas, Fort Worth.

June 11, 1971.

Matthews & Matthews, and Tom D. Matthews, Jr., Dallas, for appellant.

King & Massey and Billy D. Mills, Fort Worth, for appellee.

## OPINION

LANGDON, Justice.

This appeal is from an order overruling a plea of privilege.

The essential venue facts under Exception 12 of Article 1995, Vernon's Ann.Civ. St., which is here involved, are that the action is in the nature of "A suit for the foreclosure of a mortgage or other lien" and that the encumbered property or any part thereof is situated in the county where the suit is brought.

It is undisputed that the petition discloses that the nature of the suit is such as is contemplated by Exception 12. Therefore, it was only necessary in this case for the plaintiff, appellee herein, to show that the encumbered property or any part thereof is situated in Tarrant County where suit was filed. This fact must be alleged in the controverting plea, and established by evidence upon the venue hearing.

Eastham v. Farmer, 193 S.W.2d 568 (San Antonio, Tex.Civ.App., 1946, no writ hist.); George v. Northwest Engineering Co., 156 S.W.2d 576 (San Antonio, Tex. Civ.App., 1941, no writ hist.); Burt v. Bill Lisle Drilling Co., 401 S.W.2d 267 (Fort Worth, Tex.Civ.App., 1966, dism.); Vol. 1, McDonald Tex.Civ.Practice 481, § 4.20; and 59 Tex.Jur.2d 427, § 39.

We find and hold that such fact was alleged in the controverting plea and was established by the evidence produced upon the hearing.

In Paragraph II of Plaintiff's Original Petition it was alleged that: "Plaintiff herein is in the asphalt-paving business and heretofore on or about May 13, 1970, at the special instance and request of Defendant Roy Moran did enter into a contract for the paving of the parking lot of an apartment house known as Pepper Tree Apartments, which was owned by the Defendants. The apartment complex is situated on land described as follows:

"A 6.286 acre tract out of the Hayes Covington Survey, Abstract No. 256, which was platted into Lot 4, Block 70, Western Hills Addition, Section 7, according to Plat

recorded in Volume 388–51, Page 24, Deed Records, Tarrant County, Texas."

In Paragraph V of Plaintiff's Original Petition it was alleged that: " * * * within the time required by law, it did on July 22, 1970, file an Affidavit with the County Clerk of Tarrant County, Texas, which is recorded in Volume 549, Page 278, of the Mechanic's Lien Records of Tarrant County, Texas, give proper notice required by law and thereby fixed and established its statutory and constitutional lien upon the real property described above. A copy of this Affidavit is attached hereto and marked Exhibit B and made a part hereof by reference for all purposes."

Paragraphs 3 and 4 of "Exhibit B", which is referred to in Paragraph V of the Plaintiff's Original Petition and which is attached thereto, read as follows:

"3. The affiant herein is in the asphalt-paving business, and the labor performed and materials furnished on the following described property was for the paving of a parking lot of an apartment house known as Pepper Tree Apartments located on the land at that location. * * *

"4. The materials and labor were furnished to Roy Moran, original contractor on said job, pursuant to a contract with such party, it having been furnished and performed for the improvement of property located in Tarrant County, Texas, described as follows:

"A 6.286 acre tract out of the Hayes Covington Survey, Abstract No. 256, which was platted into Lot 4, Block 70, Western Hills Addition, Section 7, according to Plat recorded in Volume 388–51, Page 24, Deed Records Tarrant County, Texas."

The Plaintiff's Original Petition was adopted and made a part of his Controverting Plea.

■ The statement of facts reflects that the Plaintiff's Original Petition was offered and admitted into evidence without objection. It further showed that Bill Dyer, called as a witness, testified that he had been employed by plaintiff for approximately one year and had served as its general manager for the entire period of such employment. Dyer further testified that he was so employed when the paving in question was done and was "familiar with paving that was done at the Pepper Tree Apartments during that period of time *. * *." He identified the property which was so paved as being the subject of the suit at bar and testified that such property was located in Tarrant County, Texas. The witness was not cross-examined. No testimony or other evidence was offered to refute the direct, unequivocal testimony of Dyer.

The trial court was fully justified in reaching the conclusion it did on the basis of the evidence before it and such conclusion is binding upon this Court. Vick v. Pierson, 463 S.W.2d 484, 487 (Fort Worth, Tex.Civ.App., 1971, no writ hist.); Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (Tex.Sup., 1953).

The two points of error based upon no evidence and insufficient evidence are overruled.

The order appealed from is affirmed.