Frances H. ANDREW, Ind. and As Ind. Ex. and Next Friend for Minor Son, et al., Appellants,

v.

ECONOMY FURNITURE COMPANY et al., Appellees.

No. 17246.

Court of Civil Appeals of Texas, Fort Worth.

Sept. 24, 1971.

Jennings, Montgomery & Dies, and Roy M. Dies, Jr., Graham, for appellants.

Brown, Crowley, Simon & Peebles, and M. Hendricks Brown, Fort Worth, for appellees.

## OPINION

LANGDON, Justice.

This is an appeal by plaintiffs from an order sustaining a plea of privilege filed by the defendants.

The appellants, as plaintiffs, initiated suit against the appellees as defendants in Wise County, Texas, under the wrongful death statute. Article 4671, Vernon's Ann.Tex. Civ.St. Edward H. Andrew, Jr., the husband, father and son of the appellants, died from injuries sustained by him in a truck-auto collision in Wise County, Texas. The truck here involved was owned by appellee, Economy Furniture Company, a Texas corporation. At the time of the collision the truck was leased to and being operated by appellee, Dormae Products, Inc., a Texas corporation. The driver of the truck at the time of the collision was the appellee, Johnny Curtis Swenson, an employee of Dormae Products, Inc.

The appellees filed their plea of privilege in this cause and therein asserted that venue was in Travis County, Texas, the legal domicile and residence of the appellees. The appellants filed their controverting plea relying upon Art. 1995, Subdivision 9a (Negligence) V.A.T.S. At the hearing on the plea of privilege the appellants, as plaintiffs, presented their evidence. The appellees, as defendants, did not present any evidence at the hearing. They did vigorously cross-examine the two witnesses presented by appellants. These witnesses, Lambert and Clark, were the only known witnesses to the facts pertaining to the collision. Following the hearing, the trial court entered its order sustaining the appellees' plea of privilege and ordered the cause transferred to the District Court of Travis County, Texas. This appeal is from such order.

This cause was tried to the court without a jury.

Appellants concede that they have not established venue in Wise County, Texas, as against the Economy Furniture Company, one of the named defendants.

The appellants rely upon five points of error. The first is that the court erred in sustaining the plea of privilege of appellees, Dormae Products, Inc. and Johnny Curtis Swenson, because such order is so contrary to the great weight and preponderance of the evidence as to be manifestly incorrect. The remaining points assert that the court erred in holding that there was no evidence or insufficient evidence of negligence and of proximate cause to establish venue of the cause in Wise County, Texas.

We affirm.

The elements to be established by the appellants under the exception to the venue

statute relied upon by them in this cause are set forth under Subdivision 9a (Negligence) of Article 1995, V.A.T.S., and in McDonald Texas Civil Practice, Vol. 1, 1965, at page 475, Section 4.17.2. These sources specify the facts which the appellants must establish by a preponderance of the evidence to sustain venue under the above exception. The appellants are not required to negative affirmative defenses, such as contributory negligence.

The following facts are undisputed: (1) the appellants constitute the class of persons to whom a cause of action for wrongful death is granted under Article 4675, V.A.T.S.; (2) the collision in question occurred in Wise County, Texas; (3) the defendant Johnny Curtis Swenson, one of the appellees, was the driver of the truck involved; (4) at the time in question Johnny Curtis Swenson was an employee of appellee, Dormae Products, Inc., and was acting within the course and scope of his employment; (5) Edward H. Andrew, Jr., died as the result of injuries sustained by him in the collision in question.

The only disputed venue facts on this appeal are (1) whether or not Johnny Curtis Swenson was guilty of an act or omission of negligence on the occasion of the collision here involved and, (2) whether such negligence, if any, was a proximate cause of the collision and the damages flowing therefrom. Article 1995, V.A.T.S., Sub. 9a (Negligence).

Appellants alleged various acts of negligence on the part of the appellees including improper lookout, improper control, failure to yield one-half of the highway, operating the truck on the left side of the center line of the highway, attempting to pass a vehicle when the road ahead was occupied by the decedent, and in failing to apply brakes or to decrease the truck's speed and avoid overtaking another car and thereby moving the truck into decedent's line of travel.

The principal thrust of the argument presented by the appellants is that the appellee-

defendant passed another vehicle on the road and in doing so crossed the center stripe thereof when it was not safe to do so in violation of Sections 52 and 56 of Article 6701d, V.A.T.S.

The last sentence of Sec. 56, supra, provides that, "In every event the overtaking vehicle must return to the right-hand side of the roadway before coming within one hundred (100) feet of any vehicle approaching from the opposite direction."

The undisputed facts show that defendant-appellee truck driver, Swenson, came up behind a passenger vehicle which had practically stopped on the highway and was pulling to the left to the center line, and making a right turn to a driveway of Runaway Bay. Such passenger car "turned real slow" and was moving approximately one mile per hour. Appellants' witness, Clark, testified that he never actually saw defendant's truck go across the center line onto the eastbound lane to pass behind the turning passenger car and he never saw any portion of the trailer on the south half or eastbound portion of the highway on which Andrew was traveling. The witness, Lambert, gave more details concerning the positions that defendant's truck occupied on the highway. Lambert owned the filling station on the south side of the highway across from the roadway into which the passenger car was turning. After selling gas to Clark and after Clark had driven from his station preparing to drive west on the highway, Lambert turned to walk back into his station and he heard the horn from defendant's truck. He saw the passenger car slowing down in the middle of the highway preparing to make a right turn to the north into Runaway Bay. The passenger car (Mrs. Saunders) "made her right-hand turn, but she come almost to a standstill in the middle of the road before she ever made the turn." Lambert states that defendant's truck did change lanes to overtake and pass Mrs. Saunders and he (truck driver) did move to the left of Mrs. Saunders' vehicle into the south part of the highway. Appellee's truck then proceeded past

him (Lambert) in a westerly direction and Lambert lost sight of the truck because of an embankment. He did not see the accident and did not see the approach of the Andrew's vehicle.

The undisputed facts showed that defendant's truck was on its far right-hand side of the highway practically in the barrow ditch when the Andrew car came skidding from the west across the center line, skidded completely around and over to the north into the defendant's trailer and then bounced back and came to rest on its own south side of the highway.

Under such testimony the trial court could readily have found that if defendant's truck did cross to the left (south) side of the highway momentarily in passing the rear end of the Saunders' vehicle which was turning to the north, then the left side of the highway of defendant's driver was clearly visible and free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction. Defendant's driver had also clearly gotten on his right-hand side of the road long before coming within 100 feet of the Andrew vehicle approaching him. Clark saw the Andrew vehicle coming over the hill 400 or 500 yards west of him at the time defendant's vehicle may have been slightly on the south half or eastbound portion of the highway.

It appears clear from the authorities that in order for a plaintiff in the trial court to defeat a plea of privilege, proof of the essential elements by a preponderance of the evidence is required. If the trial court overrules the plea an appellate court will not disturb the order of the trial court if it is supported by evidence which is sufficient to establish the venue facts prima facie. If, however, the trial court sustains the plea of privilege as in the case at bar, the appellate court will not disturb the judgment of the trial court unless the evidence offered at the hearing on the plea of privilege shows conclusively, i. e., as a matter of law, that plaintiffs were entitled to maintain their suit in Wise County, Texas, under exception 9a of Article 1995, V.A.T.S. Volume 1, McDonald Texas Civil Practice, Revised 1965, Sec. 4.17.2, p. 475, and Sec. 4.55, pages 610–615 and authorities there cited.

Thus, in order for the appellants to prevail on this appeal and obtain a reversal of the order sustaining the plea of privilege, the plaintiffs (appellants) must convince this Court that they established conclusively at the venue hearing in the trial court that Swenson, the agent, servant and employee of Dormae Products, Inc., was guilty of negligence and that such negligence was a proximate cause of the collision in question and the resulting damages. McGough v. Massey-Ferguson, Inc., 384 S.W.2d 154 (Eastland, Tex.Civ.App., 1964, writ dism.).

In an appeal from an order sustaining a plea of privilege this Court must presume in the absence of findings of fact that all fact issues raised by the pleadings and evidence were found by the trial court in favor of its judgment. If there was evidence supporting said court's implied findings on behalf of appellees on any essential venue fact, then its finding controls. To determine such questions this Court must disregard all adverse evidence bearing on any essential venue fact that was offered at the hearing and give credit to all evidence bearing on such essential venue facts that are favorable to the appellees whose plea was sustained. Mobley v. Mobil Oil Co., Sub. or D. of Socony-Mobil O. Co., 431 S.W.2d 942 (Beaumont, Tex.Civ.App., 1968, writ dism.), and Neuhaus v. Daniels, 430 S.W.2d 906 (Amarillo, Tex.Civ.App., 1968, writ dism.). If the evidence on any essential or controlling venue fact is conflicting and if there is ample evidence of probative force to support the judgment, then it should be affirmed. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953).

Many of the cases relied upon by the appellants involved appeals from orders

overruling, rather than sustaining, pleas of privilege. Two of the cases cited by appellants involved appeals from cases in which the trial court had sustained pleas of privilege and was affirmed by the appellate court.

We have carefully reviewed the entire record in this cause and have concluded that the appellants in the trial court failed to meet the burden of proving conclusively, i. e., as a matter of law, all of the venue facts required to sustain venue in Wise County, Texas, under subdivision 9a.

We are convinced by the record that fact issues existed as to negligence and proximate cause and particularly the latter. The trial court resolved these issues against the plaintiffs and that concludes the matter. Vick v. Pierson, 463 S.W.2d 484, 488 (Fort Worth, Tex.Civ.App., 1971, no writ hist.); McDonald Texas Civil Practice, Revised 1965, Sec. 4.55(b) and authorities there cited.

All points of error are overruled. The judgment of the trial court is affirmed.