**C. E. ROSS, Appellant,**

v.

**GULF REFINING COMPANY et al., Appellees.**

No. 4830.

Court of Civil Appeals of Texas, Eastland.

Oct. 10, 1975.

Clyde V. Sweeney, Stephenville, for appellant.

Hugh Anderson, Lubbock, for appellees.

McCLOUD, Chief Justice.

This is a venue case. Plaintiff, C. E. Ross, sued defendants, Gulf Refining Company, a corporation, BACCO, Inc., a corporation, and Richard B. Fletcher, d/b/a 4–B Construction Company, to foreclose a mechanic's lien for labor performed by Ross for Fletcher, a sub-contractor of BACCO, Inc., the general contractor for Gulf. Plaintiff alleged the work was performed on a gas pipeline owned by Gulf and located in Shackelford County. BACCO, Inc., and Gulf filed pleas of privilege which Ross controverted alleging venue was proper in Shackelford County under Subdivision 12 of Article 1995, Tex.Rev.Civ.Stat. The court sustained the pleas of privilege.

Plaintiff has appealed. We affirm.

Subdivision 12 provides:

"12. Lien.—A suit for the foreclosure of a mortgage or other lien may be brought in the county where the property or any part thereof subject to such lien is situated."

In 1 McDonald, Texas Civil Practice, § 4.20 it is stated the venue facts which a plaintiff must establish under Subdivision 12 are:

"(I) the nature of the action, determined from the petition; and (II) the location of the property or part thereof in the county at the time of institution of the suit, *established by extrinsic evidence.*" (Emphasis added)

The court in *Hagan v. Anderson,* 506 S.W.2d 298 (Tex.Civ.App.—San Antonio 1974), *writ ref'd n. r. e. per curiam,* 513 S.W.2d 818 (Tex.1974), said:

"In order to maintain venue under Subdivision 12, a plaintiff need only show that his action is one for the foreclosure of a lien and that the property subject to the lien is located in the county in which suit is brought. The nature of the action as one for foreclosure of a lien is determined by the allegations of the petition, while the location of the land is established by extrinsic evidence. Despite some earlier holdings to the contrary, it is now established that a plaintiff who pleads a lien and shows that the land is located in the county in which his action has been filed need not establish by extrinsic evidence that he in fact has a lien enforceable against the defendant. *Morgan Farms v. Murray*, 149 Tex. 319, 233 S.W.2d 123 (1950); *Knape v. Davidson*, 465 S.W.2d 448 (Tex.Civ.App., Tyler 1971, writ dism'd)."

In the instant case plaintiff failed to prove by extrinsic evidence the property was located in Shackelford County. *Eastham v. Farmer*, 193 S.W.2d 568 (Tex.Civ.App.—San Antonio 1946, no writ); *George v. Northwest Engineering Company*, 156 S.W.2d 576 (Tex.Civ.App.—San Antonio 1941, no writ); *Moran v. First Paving Corporation*, 469 S.W.2d 30 (Tex.Civ.App.—Fort Worth 1971, no writ); and *Burt v. Bill Lisle Drilling Co.*, 401 S.W.2d 267 (Tex.Civ.App.—Fort Worth 1966, writ dism.).

*Morgan Farms v. Brown*, 231 S.W.2d 790 (Tex.Civ.App.—San Antonio 1950), *approved per curiam, Morgan Farms v. Murray*, 149 Tex. 319, 233 S.W.2d 123 (1950), held a plaintiff under Subdivision 12 need only allege a lien upon the property without the necessity of proving a valid debt and lien. *Morgan Farms* does not stand for the proposition the location of the property may also be established by reference to the pleadings.

The judgment of the trial court is affirmed.

WALTER, J., not participating.