Gladys O'Neal JONES, Appellant,

v.

NORTH AMERICAN ACCEPTANCE COR-PORATION, Appellee.

No. 6024.

Court of Civil Appeals of Texas.

El Paso.

May 28, 1969.

Svanas & Svanas, Gloria T. Svanas, Odessa, for appellant.

Roy Bell, Odessa, for appellee.

## OPINION

FRASER, Chief Justice.

This is an appeal from the District Court of Ector County, Texas. The facts, briefly stated, are as follows:

Appellant had contracted with Triangle Aluminum Industries, Inc. to cover and roof her home in Odessa, Texas, with a material that was described as lifetime aluminum. She was dissatisfied with the work, maintaining that it was improperly done. She had maintained that the price was $700.00 cash and $2,000.00 more within a year. There is, in the exhibits, a document described as a Trust Deed and Contract for Labor and Materials. This document calls for the payment of $4,099.26. Appellant says that if she signed it at all, it was blank, and that she never agreed under any circumstances to pay that much money for the work; that the deal was for $2,700.00. The aforementioned document, along with a note for $2,700.00, was transferred by Triangle to North American Acceptance Corporation, which the jury found to be a holder in due course; in other words, an innocent purchaser for value. She testified that the work was unsatisfactory, and upon the advice of her attorney she ceased making the monthly payments provided for in the document held by North American Acceptance Corporation in the sum of $4,099.26. This company then brought suit, and upon the issues as submitted, the judge rendered a verdict in favor of North American Acceptance Corporation.

While both sides have briefed this case, we will not at this time consider the points of error or the replies thereto, as we find and believe the judgment in the case to be fatally defective, thereby constituting fundamental error. The pertinent part of the judgment is as follows:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court on this the 23rd day of July, 1968, that the said Defendant and Cross-Plaintiff, North American Acceptance Corporation, have foreclosure of its Contract for Labor and Materials and Trust Deed lien on the following described property, as such lien existed on October 21, 1965, to-wit:

"Lot 29, Block 9, PATTERSON SUBDIVISION, 4th Filing, and Addition to the City of Odessa, Ector County, Texas as shown by the map or plat thereof of record in the Office of the County Clerk of Ector County, Texas,

and further that an order of sale shall issue to the sheriff or any constable of the State of Texas, directing him to seize and sell the same as under execution in satisfaction of this Judgment, and further that such order of sale shall have all the force and effect of a writ of possession as between the parties to this suit and any person claiming under the said Plaintiff and Cross-Defendant by any right acquired pending this suit; and the sheriff or other officer executing such order of sale shall proceed by virtue thereof to place the purchaser of the property sold under the same in possession thereof within 30 days after the date of sale.

"It is further ORDERED, ADJUDGED AND DECREED by the Court that the Defendant and Cross-Plaintiff, North American Acceptance Corporation do have and recover of and from the Plaintiff and Cross-Defendant, Gladys O'Neal Jones, all costs in this behalf expended, for which execution shall issue."

Nowhere in this judgment does the court specify in the foreclosure decree how much money is to be collected for the appellee, nor does it specify that any surplus shall be turned over, according to law, for costs and to the defendant. The judgment merely tells the Sheriff to foreclose on the

trust deed held by North American and put the buyer in possession. We consider this judgment to be fatally defective, and the defects cannot be found in the special issues submitted to the jury. The judgment itself does not set forth the issues and their answers, but merely states that a certain number of issues were answered and a certain number were not. Nowhere in the issues submitted to the jury is there any figure showing how much was owed to North American, so both the issues and the judgment are derelict in information as to how much should be collected by means of the foreclosure. Normal procedure, of course, in a foreclosure judgment under a deed of trust is to order the property sold, the amount owed paid to the creditor, and the remaining funds used to pay the costs, and any surplus returned to the debtor. We do not see how any properly authorized officer could conduct a foreclosure under this judgment as, in our opinion, such judgment is a nullity, and such constitutes fundamental error.

For these reasons this case is reversed and remanded.