**C. O. HAGAN, Appellant,**

v.

**Sam M. ANDERSON, Appellee.**

**No. 15176.**

Court of Civil Appeals of Texas, San Antonio.

July 25, 1973.

Rehearing Denied March 13, 1974.

Rankin, Kern & Martinez, H. Hollis Rankin, III, McAllen, for appellant.

Wood, Burney, Nesbitt & Ryan, Corpus Christi, for appellee.

CADENA, Justice.

This is a plea of privilege case in which defendant, C. O. Hagan, complains of the

action of the District Court of Zavala County in overruling his plea of privilege to be sued in Hidalgo County, the county of defendant's residence.

Plaintiff, Sam Anderson, filed this suit against defendant and John P. Gallagher to recover commissions due plaintiff, a licensed real estate broker, who was the procuring cause of the sale of two tracts of land by defendant to Gallagher, and to foreclose liens on such lands which were alleged to be security for the payment of such commissions to plaintiff by defendant, Hagan. Plaintiff's petition may be summarized as follows:

1. Plaintiff was the procuring cause, acting on behalf of defendant, of the sale to Gallagher of the two tracts of land. One of these tracts, referred to in this opinion as "Tract A," consisted of 200 acres, while the other tract, identified here as "Tract B," consisted of 1,972 acres. As compensation for his services in procuring such sales, plaintiff was entitled to a commission of $9,070.35.

2. In connection with the sale of Tract A, the purchaser, Gallagher, executed a note, dated April 28, 1960, in the amount of $12,207.10, payable to defendant in ten equal annual installments of $1,220.71 each, plus accrued interest. This note, which represented the unpaid portion of the purchase price for Tract A, was secured by a vendor's lien retained in the deed conveying such tract to Gallagher.

3. By instrument dated April 29, 1960, defendant assigned to plaintiff ". . . a $9,070.35 interest . . ." in the $12,207.10 note described in the preceding paragraph.

4. In connection with the transfer of Tract B by defendant to Gallagher, Gallagher executed and delivered to defendant a note, dated April 28, 1960, in the amount of $169,200, payable in ten annual installments. This note was secured by a vendor's lien retained by defendant in the deed conveying Tract B to Gallagher.

5. By agreement dated June 30, 1960, plaintiff and defendant agreed that if Gallagher defaulted in the payment of the $12,207.10 note, an interest in which had been assigned to plaintiff by defendant, and ". . . turns said land back . . ." any balance due and owing on the $169,200 given in connection with the conveyance of Tract B should be paid by defendant to plaintiff annually, as the money was received by defendant from Gallagher. According to this instrument, the purpose of the parties was ". . . to pay to [plaintiff] 5% of the amount of money collected from . . . Gallagher on the above described notes."

6. The June 30, 1960, agreement contained a number of "WHEREAS" clauses, one of which recited that ". . . if the notes are paid to [defendant] by . . . Gallagher . . . there will be due to [plaintiff] a $9,070.35 commission . . . to be paid by [defendant]." Also included in the preamble was a recital of the fact that defendant had assigned to plaintiff an interest in the $12,207.10 note given by Gallagher to defendant in connection with the sale of Tract A.

7. Gallagher defaulted in the payment of the $12,207.10 note, of which plaintiff is the partial assignee. As a result of such default, plaintiff asserted that he was entitled to recover on such note and to foreclose the vendor's lien given to secure payment of the note.

8. Because Gallagher defaulted in the payment of the $12,207.10 note and ". . . turned said land back . . ." plaintiff is entitled to the balance of his commission out of the payments made by Gallagher to defendant on the $169,200 note.

9. Defendant and Gallagher, for the purpose of defrauding plaintiff of the balance owing on his commission, entered into an agreement whereby Gallagher would reconvey Tract B to defendant and defendant would cancel the $169,200 note. Therefore, plaintiff asserts, if Gallagher

has in fact reconveyed Tract B to defendant in consideration of defendant's cancellation of the obligation evidenced by the $169,200 note in furtherance of such scheme, plaintiff " . . . has an equitable lien upon [Tract B] to secure the payment of the balance of the money due him . . . . ."

10. In the alternative, plaintiff alleged that defendant has received all payments due under the two notes but has failed to deliver to plaintiff plaintiff's proportionate share of such payments.

11. Plaintiff prayed for (a) judgment against defendant and Gallagher for the balance due on the $12,207.10 note and for foreclosure of the lien on Tract A; or (b) an accounting by defendant of the amounts received by defendant from Gallagher and judgment against defendant for plaintiff's interest in the payments made by Gallagher to defendant; or (c) judgment against defendant and Gallagher for the balance due on plaintiff's commission and foreclosure of the alleged equitable lien on Tract B.

In answer to defendant's plea of privilege, plaintiff's controverting plea asserts that the suit is one for foreclosure of liens on lands situated in Zavala County and that suit may properly be maintained in such county under Subdivision 12 of Article 1995, Vernon's Tex.Rev.Civ.Stat.Ann. In his controverting plea, plaintiff incorporated by reference those portions of his petition, and that portion of his prayer, seeking a foreclosure of the vendor's lien on Tract A.

Defendant's reply to plaintiff's controverting affidavit alleges that plaintiff's suit is primarily one for the recovery of money due plaintiff as commission, and that the prayer for foreclosure of the lien on Tract A is merely incidental and subordinate to the " . . . real controversy between the parties," that is, the payment of plaintiff's commission. In addition, defendant alleged that the vendor's lien retained in connection with the conveyance of Tract A was a junior lien which had been "cut off" by foreclosure of the senior lien. The reply concluded with the assertion that plaintiff's suit was cast in the form of an action for foreclosure of a lien no longer in existence for the fraudulent purpose of maintaining venue in Javala County.

At the hearing on the plea of privilege, plaintiff introduced in evidence, without objection, his entire petition, and not merely the paragraphs, incorporated by reference into his controverting plea, relating to the assignment to plaintiff of an interest in the note secured by a lien on Tract A. Plaintiff testified that all of Tract A was located in Zavala County, and that a portion of Tract B was situated in Zavala County.

Plaintiff's evidence established the foreclosure of the senior lien on Tract A prior to the filing of plaintiff's suit.

In order to maintain venue under Subdivision 12, a plaintiff need only show that his action is one for the foreclosure of a lien and that the property subject to the lien is located in the county in which suit is brought. The nature of the action as one for foreclosure of a lien is determined by the allegations of the petition, while the location of the land is established by extrinsic evidence. Despite some earlier holdings to the contrary, it is now established that a plaintiff who pleads a lien and shows that the land is located in the county in which his action has been filed need not establish by extrinsic evidence that he in fact has a lien enforceable against the defendant. Morgan Farms v. Murray, 149 Tex. 319, 233 S.W.2d 123 (1950); Knape v. Davidson, 465 S.W.2d 448 (Tex.Civ.App., Tyler 1971, writ dism'd).

Under these rules, defendant's points Nos. 9, 10, 11 and 12, challenging the legal and factual sufficiency of the evidence to justify " . . . retaining of venue in this case in Zavala County under any pleaded exception . . . " to the

venue statute must be overruled. Plaintiff's petition clearly reflects that he seeks foreclosure of a lien, and the evidence establishes that the land subject to the asserted lien is in Zavala County.

Points Nos. 5, 6, 7 and 8 embody the argument that the suit cannot be maintained in Zavala County under Subdivision 12 because the primary purpose of plaintiff's suit was the recovery of the commission allegedly due him, and that foreclosure of the asserted lien was merely ". . . incidental and subordinate . . ." to the primary goal. This is true of all foreclosure suits. In any foreclosure suit, plaintiff must establish the existence of a valid obligation owing to him by defendant. Foreclosure is merely a method of assuring payment of plaintiff's claim. In fact, a judgment foreclosing a lien is defective, if not void, if it fails to state the amount which plaintiff is entitled to recover. Jones v. North American Acceptance Corp., 442 S.W.2d 492 (Tex.Civ. App., El Paso 1969, no writ); 59 C.J.S. Mortgage § 688, pp. 1245–1246. Points Nos. 5, 6, 7 and 8 are without merit.

Defendant's first two points assert that there is no evidence or insufficient evidence, to support the implied finding of the trial court that the allegations in plaintiff's petition relating to foreclosure of a lien were not made fraudulently for the purpose of retaining venue in Zavala County, Texas. Point No. 3 challenges the judgment below on the ground that the trial court's failure to find that plaintiff's allegations relating to lien foreclosure were fraudulently made for the purpose of establishing venue in Zavala County is contrary to the overwhelming weight and preponderance of the evidence. The fourth point insists that defendant's plea of privilege should have been sustained because the alleged basis for retaining venue in Zavala County ". . . was both factually and legally nonexistent."

We construe points Nos. 1, 2, 3 and 4 as advancing the argument that the evidence establishes as a matter of law that plaintiff's allegations relating to foreclosure of lien were fraudulently made for the purpose of establishing venue in Zavala County, and, in the alternative, that the trial court's failure to find that such allegations were not fraudulently made was contrary to the overwhelming weight and preponderance of the evidence.

In a case where the nature of a suit as determined by reference to the petition is a controlling venue fact, defendant is entitled to urge that plaintiff has fraudulently cast his claim in a particular form for the purpose of invoking the protection of some venue exception which is, in fact, inapplicable to the true facts of his case. 1 McDonald, Texas Civil Practice, Venue, Section 4.51 (1965 rev.). In such a case, the burden is on defendant to establish that the venue allegations in plaintiff's pleadings were fraudulently made. Gold v. Simon, 424 S.W.2d 32, 34 (Tex.Civ.App., Fort Worth 1968, no writ).

Defendant's assault upon the judgment below is that the evidence establishes that there is no basis for plaintiff's claim that there is a lien on Tract A which he is entitled to foreclose. This argument is based on the theory that plaintiff's asserted lien was a junior lien which was destroyed by a valid foreclosure of the senior lien.

The junior status of plaintiff's lien and the foreclosure of the first lien are conclusively established by the record. But defendant's burden was to establish that, at the time he filed his petition, and at the time he filed his controverting affidavit, plaintiff knew, or, in the exercise of reasonable diligence, should have known, that his asserted junior lien had been extinguished by foreclosure of the senior lien.

In this case, plaintiff categorically denied knowledge, until he was served with a copy of defendant's answer to plaintiff's controverting affidavit, of the prior foreclosure of the senior lien. The fact that the instruments relating to the foreclosure

had been duly filed, even if it be assumed that such filing was sufficient to charge plaintiff with constructive notice of the foreclosure, is not, we think, sufficient to establish, as a matter of law, that plaintiff alleged the existence of a lien knowing such allegation to be false, or that he made such allegations when, in the exercise of reasonable diligence, he should have known that such allegations were false. At most, the evidence in this case does no more than raise a fact question, and that question was resolved in plaintiff's favor by the trial court. The evidence does not justify branding such resolution as being contrary to the overwhelming weight and preponderance of the evidence.

The judgment of the trial court is affirmed.