**C. O. HAGAN, Petitioner,**

v.

**Sam ANDERSON, Respondent.**

**No. B–4577.**

Supreme Court of Texas.

July 10, 1974.

Rehearing Denied Oct. 9, 1974.

Rankin, Kern, Martinez & Jones, Robert L. Galligan, McAllen, for petitioner.

Wood, Burney, Nesbitt & Ryan, James P. Ryan, Corpus Christi, for respondent.

PER CURIAM.

This is a venue case. The plaintiff, Sam Anderson, brought suit in Zavala County against C. O. Hagan et al. for a real estate commission and to foreclose liens on lands lying in Zavala County.

Defendant Hagan filed a plea of privilege to be sued in his home county, Hidalgo County. The plaintiff answered that venue was maintainable in Zavala County, where the land was, because of the provisions of Section 12 of Article 1995 [1] which says, "A suit for the foreclosure of a mortgage or other lien, may be brought in the county where the property . . . subject to such lien is situated."

The defendant then replied that the lien of the plaintiff Hagan was a second lien which had been wiped out by the foreclosure of a prior lien; and that the plaintiff's allegations about the existence of a lien, and his suit for foreclosure thereof, were fraudulently made for the purpose of keeping venue in Zavala County. The plaintiff swore that he did not know about the foreclosure of the prior lien, though the foreclosure documents had been filed in the records of the county. Other facts

1. Vernon's Texas Civil Statutes Annotated.

are set out in the opinion of the court of civil appeals.   506 S.W.2d 298.

The trial court overruled the defendant's plea of privilege, finding no fraud.   The Court of Civil Appeals sitting at San Antonio affirmed.   That court held that to prove fraudulent assertion of a valid lien sufficient to defeat venue under Subdivision 12, it must be shown (1) that a valid lien does not exist, and (2) that the plaintiff knew or should have known this fact at the time he filed the suit.

We have jurisdiction because of a conflict with Gold v. Simon, 424 S.W.2d 32, by the Court of Civil Appeals sitting at Fort Worth (1968, no writ).   That court held that to defeat venue under Subdivision 12, it is only necessary to show that a valid lien does not exist.

We agree with the holding of the Court of Civil Appeals in the present case. In accordance with Rule 483, Texas Rules of Civil Procedure, the application for writ of error is refused, no reversible error.