SUN OIL COMPANY (DELAWARE), Appellant,

v.

Fred W. HALL, et al., Appellees.

No. 12725.

Court of Civil Appeals of Texas, Austin.

May 10, 1978.

Stuart C. Hollimon, Strasburger & Price, Dallas, for appellant.

Ivan D. Hafley, Scott & Douglass, Austin, for appellees.

O'QUINN, Justice.

Fred W. Hall and others, asserting their interests as lessors in certain oil and gas leases in Concho County, brought suit in Concho County against Sun Oil Company (Delaware) as lessee, claiming damages for breach of lease covenants to drill offset wells and to pay royalties.

Sun Oil filed its plea of privilege to be sued in Dallas County, the county of its legal domicile. Hall and associates controverted the plea in reliance on subdivision 5(a) of Article 1995, V.A.C.S., to retain venue in Concho County.

The parties joined issue in the main on Sun Oil's claim that plaintiffs below, in alleging failure of the oil company to drill offset wells to prevent drainage, did so "in bad faith and solely for the purpose of maintaining venue of this cause in Concho County."

The trial court overruled Sun Oil's plea of privilege, from which action the company appeals and brings two points of error. Under the *first* point Sun Oil takes the position that the evidence *as a matter of law* established that plaintiffs fraudulently asserted drainage and failure to drill an offset well in order to retain venue in the county of suit. Under the *second* point appellant asserts there was no evidence that covenants of the lease make royalties payable in Concho County.

We will overrule the first point of error and affirm judgment of the trial court.

Subdivision 5(a) of Article 1995 provides: "Subject to the provisions of Subsection (b), if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, *or a definite place therein*, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

(Emphasis added) Subsection 5(b), referred to in (a), concerns contractual obligations in consumer transactions and does not alter the provisions of (a) as applied to the facts of this case.

■ The parcel of land upon which the wells are to be drilled under the lease contract is the "definite place" of performance within the provisions of Subdivision 5(a). *Petroleum Producers Co. v. Steffens*, 139 Tex. 257, 162 S.W.2d 698 (1942). Since the tract lies within Concho County, venue properly falls in Concho County under the implied obligation on the part of the leasee to drill offset wells on the described tract of land, unless it be shown that plaintiffs' claim of drainage, invoking the obligation to drill offsets, has been asserted fraudulently.

■ If the claim on which venue could be maintained in the county of suit is fraudulently asserted, the plea of privilege must be sustained. *Batex Oil Co. v. La Brisa Land & Cattle Co.*, 352 S.W.2d 769, 772 (Tex.Civ.App. San Antonio 1961, writ ref'd n.r.e.). The burden to establish that venue allegations by plaintiffs were fraudulently made rests on the defendant. *Hagan v. Anderson*, 506 S.W.2d 298, 302 (Tex.Civ. App. San Antonio 1973, writ ref'd n.r.e., 513 S.W.2d 818). The defendant discharges the burden by showing (1) that plaintiff did not have a valid cause of action and (2) that plaintiff knew or should have known this fact at the time of filing suit. 513 S.W.2d 818, 819.

Sun Oil sought to discharge its burden to prove that plaintiffs fraudulently asserted as facts the elements needed to maintain venue in Concho County through the testimony of an expert witness and the data he relied on to express his opinions and conclusions. Plaintiffs rebutted testimony of the expert witness through contrary conclusions and opinions of an expert witness of their choice.

Plaintiffs claim that gas which would be produced by a well on the lease property is being drained by a well located on an adjacent tract under lease. Fred Wilson, an expert witness offered by Sun Oil, testified that drainage was impossible, based on evidence that "bottom hole pressure" in the adjacent well, on the other lease, was in fact higher than pressure in the well on the Hall lease, claimed to be drained. Wilson asserted that such evidence, on file with the Railroad Commission, conclusively demonstrated no drainage, and insisted that any person "trained in analysis" who studied the evidence would reach the same conclusion.

Don Ray George, an expert witness in behalf of plaintiffs, testified that there ". . . is definitely a cause of action due to drainage," and that nothing that Wilson had shown by his testimony had changed George's mind on the issue. George also questioned the accuracy and reliability of the pressure studies upon which Wilson relied for his conclusion. George did concede that other considerations besides drainage could account for the difference in cumulative production between the two wells in question.

■ Sun Oil contends that Wilson's interpretations of the bottom hold pressure data established as a matter of law that plaintiffs did not have a valid cause of action and knew or should have known that fact when suit was filed. Although the testimony of an expert witness must be taken as true, insofar as it establishes facts, the opinions of an expert as to deductions from the given facts are not binding on the trier of facts, even when not contradicted by testimony of another expert witness. *Gregory v. Texas Employers Insurance Association*, 530 S.W.2d 105 (Tex.Sup.1975).

The opinions expressed by expert witnesses constitute the "character of testimony [which] is but evidentiary and is never binding upon the trier of facts," and does *not* establish any material fact *as a matter of law*. *Hood v. Texas Indemnity Ins. Co.*, 146 Tex. 522, 209 S.W.2d 345, 346 (1948). In *Luttes v. State*, 159 Tex. 500, 533, 324 S.W.2d 167, 189 (1958), the Supreme Court observed that ". . . the mere qualification of a witness as an expert does not cut off the fact-finder from exercising con-

siderable judgment of his own about how far his opinions are to be relied on."

■ Wilson's opinion that there is no drainage is the conclusion of an expert witness based on facts introduced by appellant at the hearing on the plea of privilege. George, also a qualified expert, reached a contrary conclusion, which at least demonstrates that it may not be assumed that Wilson's conclusion is the only possible conclusion warranted by the facts in evidence. In any event, even without the opposing view of George, the trial court was not bound by Wilson's opinion testimony, and Sun Oil did not establish as a matter of law that plaintiffs fraudulently asserted drainage in order to maintain venue in Concho County.

Since the appeal is disposed of under the first point of error it is not necessary to consider the second point as to place of royalty payments.

The judgment of the trial court, overruling appellant's plea of privilege, is affirmed.