Eugene SCHWERTNER et al.,
Appellants,

v.

Floyd HENDERSON et al., Appellees.

No. 5942.

Court of Civil Appeals of Texas,
Waco.

Dec. 7, 1978.

Rehearing Denied Jan. 18, 1979.

Samuel D. McDaniel, McDaniel & Travis, Austin, Chester G. Ball, Ball & Landrith, Arlington, Joe E. Griffith, Crockett, for appellants.

Glenn A. Sodd, Dawson, Dawson, Sodd & Davis, Corsicana, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal from an order of the trial court overruling defendants Schwertner and Scoggins's pleas of privilege to be sued in the county of their residence.

Plaintiffs Floyd Henderson, et al sued defendants alleging plaintiffs are owners of cotton crops and trees on various tracts of land in Navarro County; that defendant Schwertner is the lessee of land and that defendant Scoggins sprayed such land with poisonous herbicides from an airplane at defendant Schwertner's request; that such herbicides were carried by wind currents onto cotton crops and trees on plaintiffs' lands thereby causing severe damage to such crops and trees; that defendants were guilty of a number of acts of negligence which were a proximate cause of injury to cotton crops and trees of plaintiffs and the damages suffered by plaintiffs.

Defendant Schwertner filed his plea of privilege to be sued in Travis County; defendant Scoggins filed his plea of privilege to be sued in Houston County.

Plaintiffs controverted asserting venue against both defendants in Navarro County under Subdivision 14, Article 1995 VATS; and incorporated by reference their amended petition into their controverting pleas, which states "[plaintiffs] trees were killed, showed brown leaves, had their growth stunted, and in the case of pecan trees lost their fruit * * ".

The trial court after hearing overruled defendants' pleas of privilege.

Defendants appeal on 11 points which summarize as 4 main contentions:

Contention 1 asserts the trial court erred by its refusal to consider defendants' exceptions and objections to plaintiffs' amended controverting plea which was timely presented at the commencement of the plea of privilege trial; and by treating same as an amendment to pleadings subject to the 7-day limit of Rule 63.

On the morning of trial after all parties had announced ready, defendants sought to file the following instrument:

"*EXCEPTION TO PLAINTIFFS' AMENDED CONTROVERTING PLEA AND OBJECTION TO GENERALITY OF ALLEGATIONS THEREIN*" TO THE HONORABLE JUDGE OF SAID COURT:

Comes now defendants * * * and present to the Court the following exception and objection to plaintiffs' controverting plea:

1. The plea is too general to inform the court or defendants of the nature of the claim for damages to land, and hence too general to sustain venue under Article 1995, Sec. 14. This is true for 3 reasons: a) because it is unclear whether it aims at loss of pecan crop * * as opposed to damage to land; b) because it is inadequate to allow the court to determine whether damage to land or damage to crops is the dominant purpose of the suit for venue purposes and fails to afford the court or defendants any way of measuring the relative seriousness of the different claims; c) because the allegations which might be argued as going to show damage to land are too general and unspecific to support a conviction for perjury if false.

2. Defendants would show the court that the controverting plea is inadequate to specify how it is contended venue might be maintained as to each plaintiff joined in this action and plaintiffs are required to specify the venue facts as to each plaintiff.

3. Defendants would point out * * plaintiffs' allegation of damage to land is a device used in an attempt to hold venue in Navarro County and that same is made in bad faith and for venue purposes".

Counsel for plaintiffs objected to the filing of such pleading because it contained entirely new defensive matter; that the plea of privilege hearing had been set for months; because the matters raised had been known to defendants since the suit was filed; and because no excuse was given for the late filing of the pleading. The trial court refused to permit filing of the instrument.

■ Paragraph 3 of the instrument raises new substantive defensive matter and is governed by Rule 63 TRCP. The trial had been set for months; the amended pleading was tendered after the parties announced ready on the morning of the trial; and we think the trial court did not abuse its discretion in refusing defendants' request to file same. *McHone v. McHone*, Tex.Civ.App. (Waco) Er.Dismd, 449 S.W.2d 488; *Sigler v. Frost Bros., Inc.*, Tex.Civ.App. (El Paso) NWH, 555 S.W.2d 813; *Roeber v. DuBose*, Tex.Civ.App. (Corpus Christi) 510 S.W.3d 126; *Pacific Products, Inc. v. Great Western Plywood, Ltd.*, Tex.Civ.App. (Ft. Worth) NWH, 528 S.W.2d 286; *First National Life Ins. Co. v. Herring*, Tex.Civ.App. (Waco) NWH, 318 S.W.2d 119.

■ Contention 2 asserts the trial court erred in overruling defendants' pleas of privilege because plaintiffs' controverting plea is too conclusory, and does not demonstrate an injury to land as is required to fix venue under Subdivision 14.

Plaintiffs' amended controverting plea incorporated plaintiffs' amended petition which alleged damage to plaintiffs' land. Additionally the amended controverting plea states "that defendant caused damage to plaintiffs' realty situated in Navarro County, Texas, which suit for the damages thereto must be brought in the County in which the land, or a part thereof, may be, within the meaning of * * Article 1995, Subdivision 14, and such damage to land is the basis of plaintiffs' cause of action against defendants, and such Subdivision constitutes an exception to exclusive venue in the county of defendants' residence".

The venue facts to be established under Subdivision 14 are two: 1) That the suit is for recovery of damages to land; and 2) That a part of the land lay in the County of suit. *Piazza v. Phillips*, 153 Tex. 115, 264 S.W.2d 428; *Wynne v. Freiley*, Tex.Civ. App. (Dallas) 349 S.W.2d 734.

Plaintiffs' pleadings and controverting affidavit satisfies the foregoing requirements insofar as required by the pleadings.

■ Contention 3 asserts the trial court erred in allowing plaintiffs to lump their claims together for purposes of venue and in not requiring clear and certain pleading and proof to establish venue to each plaintiff's alleged cause of action and each tract of land involved.

The pleadings and evidence conclusively show that the cause of action belonging to the various landowners with respect to their portion of the damages has been assigned to plaintiff Henderson.

Additionally no ruling was requested or received on this point at time of trial, neither did defendants move for a new trial to raise the point as required by Rule 324 TRCP.[1]

■ Contention 4 asserts the trial court erred in refusing to permit proof of the extent and nature of alleged damage to plaintiffs' land where such is challenged as a bad faith device used in an attempt to hold venue in Navarro County.

Defendants' pleading of bad faith was not permitted to be filed. Evidence of bad faith cannot be raised without pleadings and without notice to the opposite party. *Texan Development Co. v. Hodges*, Tex.Civ. App. (Amarillo) 237 S.W.2d 436; *Sun Oil Co. v. Hall*, Tex.Civ.App. (Austin) 566 S.W.2d 696; *Hagan v. Anderson*, Tex., 513 S.W.2d 818.

All defendants' points and contentions have been considered and are overruled.

AFFIRMED.

---

1. Rule 324. "Prerequisites of Appeal. A motion for new trial shall not be a prerequisite to the right to complain on appeal, in any jury or non-jury case. * * * notwithstanding the foregoing, it shall be necessary to file a motion for new trial in order to present a complaint which has not otherwise been ruled on. * * ''.