**SUBURBAN PROPANE GAS CORPORATION and Delta Drilling Company, Appellants,**

v.

**Joe W. McMULLAN et al., Appellees.**

No. 6917.

Court of Civil Appeals of Texas, El Paso.

Nov. 14, 1979.

Rehearing Denied Dec. 19, 1979.

R. Kennedy Bridwell, Scott Tanne, Suburban Propane Gas Corp., Morristown, N.J., Kliewer & Hood, Edward Kliewer, Jr., Stephen R. Anderton, Sam L. Moffett, Dallas, for appellants.

G. Dixon Mahon, Inc., William S. Mason, Ozona, Cox & Smith, Inc., Eugene B. Labay, Walter J. Batla, San Antonio, for appellees.

## OPINION

OSBORN, Justice.

Suburban Propane Gas Corporation and Delta Drilling Company appeal from an order overruling their pleas of privilege to be sued in Travis and Smith Counties. We affirm.

This suit was filed by royalty owners to recover damages, obtain an accounting, and for a declaratory judgment with regard to an obligation to reasonably develop four Oil & Gas Leases covering lands in Crockett County, Texas, the county in which suit was filed. After the filing of the pleas of privilege, Appellees filed controverting pleas asserting venue in Crockett County under subdivisions 5(a), 14, 23, 27 and 29 of Article 1995, Tex.Rev.Civ.Stat.Ann.

We believe this case may be decided under the provisions of subdivision 5(a) which state in part:

[I]f a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile.

In their original petition, the Appellees alleged that Appellants are lessees or an assignee of a lessee under certain described oil and gas leases. They alleged that these lease operators have failed to drill wells into the Strawn and Ellenburger formations and have drilled wells in the Canyon formation on 320-acre rather than 160-acre spacings. They specifically allege:

A reasonably prudent operator would have drilled and would now drill other and additional wells on the leased premises. Such operator would have drilled and would now drill wells into the Strawn and Ellenburger formations and all other formations underlying the leased premises that could reasonably be expected to be commercially productive. Such operator would have and would now also drill additional wells into the Canyon formation so that a well density of one well per 160 acres would be established therein. Defendants' failure to so drill and test has been and is now a breach of the implied covenants of the Leases to reasonably develop the leased premises.

In the prayer of that pleading, Appellees seek a declaratory judgment decreeing that Appellants begin and hereafter continue to drill wells into the Strawn and Ellenburger formations and that they drill wells in the Canyon formation on 160-acre spacings.

This same identical issue was before the Court in *Petroleum Producers Company v. Steffens*, 139 Tex. 257, 162 S.W.2d 698 (1942), on a certified question. With regard to the language and application of subdivision 5, the Court said:

It is quite clear from the language used in this subdivision that, aside from the fact that the pleadings in the suit disclose that the suit is 'upon or by reason of' an obligation of some sort—either written or

unwritten, express or implied—there is but a single fact which need be shown in order to cast venue in the county where the suit is brought. This single fact is to the effect that the defendant has contracted in writing to perform the alleged obligation in said county—the county or some definite place therein being expressly named in the writing. Proof of the existence of a cause of action is not required now, and was not required before the subdivision was amended in 1935. *Farmers' Seed & Gin Co. v. Brooks,* 125 Tex. 234, 81 S.W.2d 675; *Bradley v. Trinity State Bank,* 118 Tex. 274, 14 S.W.2d 810.

. . . . .

The terms of the lease instrument . . imply an obligation on the part of the lessee to drill offset wells and development wells. *Grubb v. McAfee,* 109 Tex. 527, 212 S.W. 464; *Texas Pacific Coal & Oil Co. v. Barker,* 117 Tex. 418, 6 S.W.2d 1031, 60 A.L.R. 936; *Freeport Sulphur Co. v. American Sulphur Royalty Co. of Tex.,* 117 Tex. 439, 6 S.W.2d 1039, 60 A.L.R. 890. The place for performance of this implied obligation is expressly named in the lease instrument, to wit, the parcel of land in Jones County in respect to which the parties to the lease were contracting.

We conclude that the facts show that venue, as prescribed in Subdivision 5, lies in Jones County and that the trial court correctly overruled the company's plea of privilege.

The terms of the lease agreement as set forth in the *Steffens* case are similar to the provision of the leases in this case except as to the amount of royalty, which is larger.

Quite clearly, under the holding in *Steffens,* the existence of a cause of action is not required, and where the place of defendant's performance is expressly named in writing, the obligation sued upon may be implied. *Ed Rachel Foundation v. Texas Oil & Gas Corp.,* 561 S.W.2d 33 (Tex.Civ. App.—San Antonio 1978, writ dism'd); *Kornell v. Montgomery,* 421 S.W.2d 752 (Tex. Civ.App.—Texarkana 1967, no writ); *Bryan*

*v. Williams,* 408 S.W.2d 798 (Tex.Civ.App.— San Antonio 1966, no writ). Also see: *Dixon Management Corporation v. Montfort,* 337 S.W.2d 738 (Tex.Civ.App.—Eastland 1960, no writ).

Williams and Meyers, Oil and Gas Law, Vol. 5. sec. 803 at 15–16 says:

Thus, where venue of an action for breach of a *written* contract to perform an obligation lies in the county of performance, venue for implied covenant actions lies in the county where the leasehold is located, because the covenant is implied in fact, is therefore part of the writing, and expresses an obligation to be performed in a particular county. [Footnote omitted]

At least part of the relief sought is the drilling of additional wells in the Canyon formation under an implied covenant to reasonably develop. Certainly, the obligation under the written leases would have to be performed in Crockett County. Following the holding in the *Steffens* case, we conclude that venue is in Crockett County. The Appellants' points of error 3 and 4 asserting that venue cannot be maintained under subdivision 5(a) are overruled.

■ Points of error 5 and 6 assert that Appellees knew or had reason to know that at the time they filed suit they had no cause of action for breach of an implied covenant to reasonably develop these leases. The net effect of such contention is that such pleadings fraudulently asserted a cause of action for the purpose of establishing venue. With regard to this contention, the burden of proof rests on these Appellants. *Sun Oil Company (Delaware) v. Hall,* 566 S.W.2d 696 (Tex.Civ.App.—Austin 1978, no writ). This burden is discharged by showing that the plaintiff did not have a valid cause of action and that plaintiff knew or should have known this fact at the time of filing suit. *Sun Oil Company (Delaware) v. Hall,* supra. The Appellants sought to meet this burden through their cross-examination of John C. Byers, a consulting geologist hired by Appellees, and through the testimony of Clem Roberts, area geologist for Suburban Propane Gas Corporation.

Certainly, some of the testimony is conflicting. Opinions expressed by expert witnesses do not establish material facts as a matter of law. There was evidence to support the implied finding by the trial Court that a cause of action was not fraudulently asserted for venue purposes. We follow and apply the same rules relied upon by the Court in reaching a similar result in *Sun Oil Company (Delaware) v. Hall,* supra. Points of error 5 and 6 are overruled.

Point of error 7 asserts that the trial Court abused its discretion in denying, and in not granting, Appellants' Motion to Permit Additional Evidence under the provisions of Rule 270, Tex.R.Civ.P. By such motion, the Appellants proposed to show after the hearing on the pleas of privilege, but before the order overruling the same, that a well which the Appellees' expert witness, John Byers, testified should have been drilled to the Strawn formation in the southwest quarter of Section 4, Block F, had been drilled and was non-commercial and plugged in that formation. This Court has recognized that there are occasions when it is the duty of the Court to grant such a request to hear additional evidence, especially when the proffered testimony is decisive, and its reception will not cause any undue delay, or do an injustice. *Russell v. Russell,* 443 S.W.2d 569 (Tex.Civ.App.—El Paso 1969, no writ). In the case now before us, the proffered testimony would not have been decisive nor controlling on the obligation to reasonably develop in the Canyon formation. The Appellants assert there is no implied obligation to "explore" or "test" formations which are not productive in paying quantities under the holding in *Clifton v. Koontz,* 160 Tex. 82, 325 S.W.2d 684 (1959), and that there are no wells producing from either the Strawn or Ellenburger formations under the leases involved in this case. Thus, the only duty to reasonably develop would be limited to the Canyon formation and any evidence with regard to the drilling of a dry hole in the Strawn formation would not be decisive on the issue of reasonable development in the Canyon formation. Point of error 7 is overruled.

It is not necessary for us to pass upon the issue of the applicability of subdivisions 14, 23, 27, and 29 of the venue statute. The order of the trial Court overruling the pleas of privilege is affirmed.