**TEXAS DEPARTMENT OF HUMAN RESOURCES, Appellant,**

v.

**Curtis H. ALLRED, Appellee.**

**No. 6313.**

Court of Civil Appeals of Texas, Waco.

Aug. 6, 1981.

Rehearing Denied Sept. 10, 1981.

Donald E. Raybold, Texas Dept. of Human Resources, Waco, for appellant.

Rollin Khoury, Khoury & Gartner, Waco, for appellee.

## OPINION

JAMES, Justice.

This is a suit brought by Appellant the Texas Department of Human Resources against Appellee Curtis H. Allred for back child support. Appellant will hereinafter be referred to as "DHR", Appellee will sometimes herein be referred to as "husband", and Martha Allred, who is the former wife of Appellee, will sometimes herein be referred to as "wife."

Husband and wife were divorced on January 4, 1972. Wife was given custody of the spouses' two children; to wit, Donald, who was seventeen years of age, and Paul, who was nine years of age. It is the child support for Paul that is in controversy in this case. Husband was ordered to pay child support of $75.00 per month beginning February 1, 1972, until Paul became eighteen years of age.

On May 8, 1980, DHR filed an amended motion for contempt and motion to reduce the unpaid child support to judgment, alleging the arrearages in child support at that time to be $7,500.00. In addition thereto, DHR sued for reasonable attorney's fees and costs.

At the hearing, the parties stipulated that Mr. Allred was $7,500.00 in arrears, that he had at all times been able to pay child support, and that Mrs. Allred, shortly after the divorce decree was entered, told Mr. Allred: "If you don't bother us, I won't make you pay child support." Mr. Allred testified that he had relied upon his wife's statement regarding visitation and child support, that as a result he did not get to see his son for seven years, he having refrained from visiting his son at the request of Mrs. Allred, and consequently lost valuable time which could never be recovered. Mrs. Allred waited for more than seven

years before seeking to enforce the child support order. The child Paul had been legally adopted by Mr. Allred, he (Paul) having been born to Mrs. Allred in a previous marriage.

The only disputed issue at the hearing was whether Mrs. Allred was estopped to bring this action because of the above-quoted statement she had made to Mr. Allred at or about the time of the divorce.

Trial was before the court without a jury, after which the trial court entered judgment in favor of DHR against Mr. Allred in the amount of $4,183.00, same representing $33.00 filing fees, $400.00 attorney's fees, and $3,750.00 arrearage in child support.

Included in the trial court's judgment are findings of fact and conclusions of law as follows:

## "FINDINGS OF FACT

"1. The child subject of this suit is Paul Kirby Allred, male, born December 5, 1962, in Boerne, Kendall County, Texas.

"2. On January 4, 1972, this Court ordered Curtis Allred to pay $75.00 per month for the support of Paul Kirby Allred beginning February 1, 1972.

"3. Curtis Allred has made no payment of child support and the record arrearage as of May 22, 1980, is $7,500.00.

"4. Curtis Allred has at all times since January 4, 1972, been able to make child support payments as ordered.

"5. Martha Allred told Curtis Allred that she would not enforce child support if he did not bother the child.

"6. $400.00 is a reasonable and necessary fee for the services of the Attorney employed by the Texas Department of Human Resources for the prosecution of this action on behalf of the child.

"7. This action was commenced by the filing of a Motion for Contempt on the 10th day of March, 1980.

## "CONCLUSIONS OF LAW

"1. Movant is not estopped from bringing this action.

"2. Laches does not prevent recovery in this action.

"3. Recovery of unpaid child support is limited to four years prior to filing suit. The four year Statute of Limitations (Art. 5529) applies."

Appellant DHR appeals from the trial court's judgment upon three points of error, all of which complain of the trial court's application of the four year statute of limitation, Article 5529, Vernon's Texas Civil Statutes, to the $7,500.00 arrearage, so as to reduce same to $3,750.00. More specifically, by its point one, Appellant contends that limitations is an affirmative defense which was never pleaded and is therefore waived by Appellee; by its second point, Appellant asserts that the trial court erred in applying the four year statute of limitation because (it says) the ten year statute of limitation (Article 5532) is the correct statute of limitation applicable; by its third and final point, Appellant contends that even if the four year statute is applicable, it was tolled by Article 5535 during the minority of Paul Allred, the subject child in this suit.

■ In summary, all of Appellant's points complain of the trial court's application of the statute of limitations. The record reflects that there were no pleadings of limitations, and the first time any mention is made of limitations is in the judgment itself, wherein same was mentioned in the trial court's "Conclusions of Law." Moreover, there is nothing in the record to show that after the judgment was entered, that Appellant DHR ever objected to the trial court's application of the four year statute of limitations. No objections were filed, no motion to amend or modify the judgment was filed, nor was there a motion for new trial filed. In other words, in no manner did Appellant ever call the asserted error to the attention of the trial court; but Appellant is raising this question for the first time on appeal. The trial court was never afforded the opportunity to correct any error that he may have made with reference to this matter. For these reasons we hold that Appellant's points of error have not

been properly preserved, and cannot be raised for the first time on appeal. *Westinghouse Credit Corp. v. Kownslar* (Tex. 1973) 496 S.W.2d 531; *Plasky v. Gulf Insurance Co.* (Tex.1960) 335 S.W.2d 581; *Schwertner v. Henderson* (Tex.Civ.App. 1978) 575 S.W.2d 358, writ dismissed, w. o. j.; *McLemore v. Johnston* (Tex.Civ.App. 1979) 585 S.W.2d 347, no writ.

Appellee's brief contains two cross-points, one contending that the doctrine of estoppel precludes any recovery by Appellant, and the other contending that DHR was without authority to bring this action. We have carefully considered those cross-points and overrule same as being without merit. Appellee's brief concludes with a prayer that the case be reversed and rendered in Appellee's favor, or in the alternative, that the case be affirmed.

We affirm the trial court's judgment. AFFIRMED.